885 A.2d 10 (2005)
381 N.J. Super. 106
STATE of New Jersey, Plaintiff-Respondent,
v.
James A. LEAHY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 13, 2005.
Decided October 28, 2005.
*11 Yvonne Smith Segars, Public Defender, attorney for appellant (Abby P. Schwartz, Assistant Public Defender, of counsel and on the brief).
Wayne J. Forrest, Somerset County Prosecutor, attorney for respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the brief).
Before Judges COBURN, COLLESTER and LISA.
The opinion of the court was delivered by
COLLESTER, J.A.D.
Tried to a jury, defendant was convicted of the fourth-degree offense of failure to notify law enforcement of a change of address as required by Megan's Law, N.J.S.A. 2C:7-2d. He was sentenced to a term of 364 days in the Somerset County Jail in addition to mandatory fines and assessments. He appeals his conviction.
The facts are essentially undisputed. On March 9, 2001, defendant, then age thirty, was convicted of second-degree sexual assault by penetration of a fifteen year old female in violation of N.J.S.A. 2C:14-2(c)(4). He was sentenced on March 9, 2001, to a probationary term of five years after receiving credit for 407 days in custody with the specific condition that he register with the law enforcement agency where he lived as mandated by Megan's Law. N.J.S.A. 2C:7-2a(2), (b)(2). Four days after sentencing defendant appeared at the North Plainfield Police Department where he was fingerprinted and photographed. At that time he provided a temporary address in North Plainfield.
During the registration process, Lieutenant Gerald Clyne read to defendant that part of the registration form advising of the following duties and obligations under Megan's Law, which stated:
In accordance with the provisions of New Jersey statute 2C:7-1, you understand that upon a change of address, you must notify the law enforcement agency with which you are registered and must re-register with the law enforcement agency where you will reside no less than ten days before you first intend to reside at your new address.
A similar statement was on the fingerprint card signed by defendant.
In accordance with the provisions of N.J.S.A. 2C:7-2, I acknowledge that I have been advised of my duty to register and re-register as a sex offender. I know that I must advise the local/state police whenever I change my registration address. I am aware that failure to register or re-register is a crime pursuant to N.J.S.A. 2C:7-2a.
On March 14, 2001, Lieutenant Clyne paid defendant an unannounced visit to verify his address. He reminded defendant *12 of his obligation to register any move to a new location no less than ten days prior to moving. Shortly over a month later, on April 23, 2001, defendant met with Clyne to tell him he was moving to an address in Plainfield. Clyne gave him the name of Plainfield's Megan's Law contact officer and later wrote the officer to advise him of defendant's new address.
Over a year later on July 3, 2002, defendant again contacted Lieutenant Clyne, this time to tell him he was moving back to North Plainfield. He gave as his address a residence where he was renting a room. He filled out a new registration form, which read:
I must notify the law enforcement agency with which I am registered and I must re-register with the law enforcement agency where I will reside no less than ten days before I intend to first reside at my new address.
Defendant was evicted on November 15, 2002, for failure to pay rent. He did not notify the North Plainfield Police Department. When Lieutenant Clyne went to the North Plainfield address in January 2003, he discovered that defendant no longer lived there. He tried to find defendant by checking the prior residences in North Plainfield and Plainfield, calling the Somerset, Hunterdon and Union County jails and performing credit and public information searches. Ten months later defendant was arrested and subsequently indicted for violating N.J.S.A. 2C:7-2d.
Clyne and the owner of the home where defendant last resided in North Plainfield testified at trial. Defendant called no witnesses. His motion for acquittal was denied as was his later motion for an acquittal or a new trial. This appeal followed.
Defendant makes the following arguments on appeal:

POINT ITHE TRIAL COURT'S ANSWER TO THE JURY'S QUESTION REGARDING WHETHER LEAHY HAD TO BOTH FAIL TO NOTIFY THE JURISDICTION WHERE HE WAS RESIDING AND FAIL TO NOTIFY THE JURISDICTION TO WHICH HE WAS MOVING WAS ERRONEOUS AND, BY REMOVING AN ELEMENT OF THE OFFENSE, DILUTED THE STATE'S BURDEN OF PROOF, REQUIRING THAT A JUDGMENT OF ACQUITTAL BE ENTERED OR A NEW TRIAL ORDERED. THIS ERROR DENIED DEFENDANT HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL. (U.S. CONST., AMENDS. V, VI, XIV; N.J. CONST. (1947), ART. I, PARAS. 1, 9 AND 10.)
A. THE RE-CHARGE WAS INCORRECT.
B. BECAUSE OF THE ERRONEOUS CHARGE, THE STATE'S BURDEN OF PROOF WAS DILUTED AND EVEN WITH THIS DILUTED BURDEN, THE STATE LACKED SUFFICIENT EVIDENCE FOR A CONVICTION.
The applicable portion of N.J.S.A. 2C:7-2d provides as follows:
Upon a change of address, a person shall notify the law enforcement agency with which the person is registered and shall re-register with the appropriate law enforcement agency no less than 10 days before he intends to first reside at his new address. Upon a change of employment or school enrollment status, a person shall notify the appropriate law enforcement agency no later than five days after any such arrest. A person who fails to notify the appropriate law enforcement agency of a change of address or status in accordance with this *13 subsection is guilty of a crime of the fourth degree.
[N.J.S.A. 2C:7-2d.]
Prior to submission of the case to the jury, Judge Edward M. Coleman gave the following instruction, mirroring the model charge:
The second element that the State must prove beyond a reasonable doubt is that the defendant, knowing of his obligation to register, failed to register as required by law.
The law imposes certain registration obligations on a person who has been convicted for the commission of a sex offense as previously described and defined for you. A sex offender who changes addresses within the State must have notified the law enforcement agency with which he previously registered and must have re-registered with an appropriate law enforcement agency no less than 10 days before he intends to first reside at the new address.
During deliberations the jury sent out the following note to Judge Coleman:
We understand that the registration has two parts; registering in the new location and registering out. If he fails at one of these, is that breaking the law or does he have to fail at both to be breaking the law?
Following colloquy with counsel, Judge Coleman gave the following re-charge to the jury, to which the defense objected:
Number one, that the defendant was required to register as a sex offender; and, number two, that he knowingly failed to register as a sex offender as required by law, which I think is where your question focusesas required by law, what does that mean? Well, we have to look at the statute as to what is meant by "as required by law."
When we talk about that part of the charge, I said to you that a sex offender who changes addresses within the State must have notified the law enforcement agency with which he previously registeredin this case we're talking about North Plainfield from the testimony that you haveand must have re-registered with the appropriate law enforcement agency no less than ten days before he intended to first reside at the new address.
The statute indicates that that's the obligation of the person who's required to register as required by law, he has to notify both. He has to notify the old town, and he has to notify the new town. So by that definition, if you find the State has established these proofs beyond a reasonable doubt, that he knowingly failed to register as a sex offender as required by law, then you would draw your conclusions from that.
But to answer your question as basic as I can, it's a two-part requirement that's imposed on the defendant. He has an obligation to notify the town that he's moving into, and the burden is on the defendant to comply with this statute. So you review it and you decide whether or not the State has proven the elements beyond a reasonable doubt. But it's a two-part requirement for the defendant. If he fails in either one of the parts, then he's failed. (Emphasis supplied.)
Defendant contends that the State proved only that he left the North Plainfield residence without notification and produced no proof that he failed to register with the municipality to which he moved. He contends that Judge Coleman's response to the jury question erroneously removed an element of the offense and diluted the State's burden of proof because the use of the conjunction "and" in N.J.S.A. 2C:7-2d mandates that the State *14 must prove both that defendant failed to notify the municipality of his residence that he was leaving and that he failed to register in the municipality of his new address. We disagree.
The words "or" and "and" are often used interchangeably in statutes, and the determination as to whether "and" should be interpreted in the conjunctive or disjunctive primarily depends upon legislative intent. Howard v. Harwood's Rest. Co., 25 N.J. 72, 88, 135 A.2d 161 (1957). See also Cruz v. Trotta, 363 N.J.Super. 353, 358, 833 A.2d 72 (App.Div.2003); Norman J. Singer, Sutherland Statutory Construction, § 21.14, at 188 (6th ed.2002).
In enacting Megan's Law the Legislature made the judgment that convicted sex offenders represent a risk because of a high rate of recidivism and that knowledge of their identities and whereabouts is necessary for public safety. N.J.S.A. 2C:7-1; John Doe v. Poritz, 142 N.J. 1, 93, 662 A.2d 367 (1995). Persons required to register with the designated registry agent in the municipality where he or she resides must provide an address and the place of employment. N.J.S.A. 2C:7-4(b)(1). In turn the registry agent forwards this information to county prosecutors. N.J.S.A. 2C:7-4(c).
The provision mandating registration is at the very heart of Megan's Law. Its purpose and effect would be vitiated if a sex offender could move from one municipality to another without notifying either the registry agent of his move or the registry agent in his new municipality of his presence. Defendant's suggested statutory construction would lead to the anomalous result that a registrant would not be in violation of the statute if he told the municipality where he resided of his intention to move but did not register in his new municipality, which would be unaware of his presence.
We will not interpret the registration statute to obviate its stated purpose. Here the word "and" must be equated to the conjunction "or" to give the statute its proper meaning and effect. Therefore, we find that Judge Coleman's instruction to the jury was not erroneous.
The remaining arguments presented by defendant are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).
Affirmed.