NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5501-12T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ARMANDO CARREON,

     Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

August 11, 2014

APPELLATE DIVISION

Argued June 4, 2014 — Decided August 11, 2014

Before Judges Waugh,[1] Nugent and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Criminal Part, Cumberland County, Municipal Appeal No. 30-12.

Elizabeth M. Trinidad argued the cause for appellant (Trinidad Law Office, LLC, attorneys; Ms. Trinidad, on the brief).

G. Harrison Walters, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Mr. Walters, of counsel and on the brief).

_____

[1] Judge Waugh did not participate in oral argument.  He joins the opinion with counsel's consent.  R. 2:13-2(b).

The opinion of the court was delivered by

ACCURSO, J.A.D.

This appeal requires us to consider whether a never-licensed driver may be fined and sentenced to a custodial term under the penalty provisions of N.J.S.A. 39:3-10.  Defendant Armando Carreon appeals from the (partial) denial of his petition for post-conviction relief contending that he was subject to an illegal sentence consisting of a fine and a custodial term following his guilty plea to driving without a license, N.J.S.A. 39:3-10.  We agree that defendant's sentence is illegal and thus reverse and remand for resentencing.

Following a traffic stop in 2012, defendant was charged with failing to stop at a stop sign, N.J.S.A. 39:4-144, and driving without a license, N.J.S.A. 39:3-10.  Represented by the public defender, defendant pled guilty to unlicensed driving, and the stop sign violation was dismissed.

Reviewing defendant's abstract and finding that this was his third conviction for unlicensed driving, the municipal court judge imposed a $756 fine, $33 in court costs and a ten-day jail term without a statement of reasons as required by Rule 7:9-1(c).  The judge commented only that defendant "should have been charged on this occasion with driving while suspended, but he

wasn't."[2]  The judge did not consider the sentencing standards imposed in State v. Moran, 202 N.J. 311, 328-30 (2010) (setting standards to guide the discretion of judges imposing license suspensions under N.J.S.A. 39:5-31), or suggested in State v. Henry, 418 N.J. Super. 481, 490-97 (Law Div. 2010) (employing the aggravating and mitigating factors found in N.J.S.A. 2C:44-1(a) and (b) in determining whether a custodial sentence was appropriate for a third conviction under N.J.S.A. 39:4-50).

Defendant did not seek de novo review of his sentence in the Law Division.  Instead, prior to the date he was to begin serving his custodial term, he filed a PCR petition in the municipal court pursuant to Rule 7:10-2(b)(1).  Although defendant's counsel was advised by the municipal court staff that defendant's petition had been denied, the municipal court judge refused to issue an order to that effect, despite defense counsel's efforts to secure one.

---

[2] Although we have not been provided with defendant's driving abstract, which both judges reviewed and relied upon in making their rulings, we can discern no basis for the municipal judge's statement.  Defendant's prior violations are noted in the Law Division transcript to have occurred in 2005 and 2008. Apparently, neither conviction was accompanied by the mandatory 180-day suspension order required by N.J.S.A. 39:3-10.  The municipal judge noted, however, that defendant "restored" following his conviction for driving under the influence, N.J.S.A. 39:4-50, which accompanied his 2005 conviction for unlicensed driving.  Accordingly, we see no basis to conclude that defendant's conduct could support a violation of N.J.S.A. 39:3-40.

The Law Division stayed the custodial aspect of defendant's sentence and considered his PCR petition on the merits. Although terming the $756 fine as "excessive, not illegal," the Law Division judge nonetheless granted defendant's petition limited to a reduction of the fine to the "maximum penalty [of] $500." The judge rejected defendant's argument that N.J.S.A. 39:3-10 allowed either a mandatory minimum fine of $200 in defendant's case, or imprisonment, but not both.

Defendant appeals. We stayed the custodial aspect of his sentence pending our review of the merits of his appeal. Because we agree that the statute allows a fine or imprisonment but not both, even for drivers, who, like defendant, have never been licensed, we now reverse.

The penalty provisions of the unlicensed driver statute provide as follows:

> A person violating this section shall be subject to a fine not exceeding $500 or imprisonment in the county jail for not more than 60 days, but if that person has never been licensed to drive in this State or any other jurisdiction, he shall be subject to a fine of not less than $200 and, in addition, the court shall issue an order to the commission requiring the commission to refuse to issue a license to operate a motor vehicle to the person for a period of not less than 180 days. The penalties provided for by this paragraph shall not be applicable in cases where failure to have actual possession of the operator's license

A-5501-12T1

>    is due to an administrative or technical
>    error by the commission.
>
>    [N.J.S.A. 39:3-10.]

We begin, as the canons of construction counsel, with what is clear from the plain meaning of the text. State ex rel. K.O., 217 N.J. 83, 91 (2014). Here the text makes obvious that the statute mandates either fine or imprisonment - but not both - for violators who have previously been licensed to drive in New Jersey or elsewhere. The question is how that first clause relates to the penalty provided in the second, "but if" clause for drivers who have never been licensed here or elsewhere.

Defendant argues that the "but if" clause plainly subjects the never-licensed violator to a minimum $200 fine, but only in the event the judge chooses to fine instead of imprison. He contends, in effect, that the "but if" clause circumscribes, but does not override, the overarching design to penalize those driving without a license with a fine or imprisonment but not both.

The State contends that the $200 fine, like the 180-day "suspension" is mandatory for all never-licensed drivers convicted under the statute. It argues that never-licensed drivers are subject to a fine or imprisonment and a minimum $200 fine and 180-day period in which they may not be issued a license. The State, however, allows that there is some relation

between the first and second clauses because it agrees with plaintiff that the maximum fine for a never-licensed driver is $500.

Defendant contends that the State's reading of the statute, adopted by the Law Division judge, is illogical. He reasons that if the maximum fine for a never-licensed driver "relates back" to the first clause as the State concedes, then so logically must the minimum fine. The State counters that the logical import of defendant's argument, in light of the plain language which directs that never-licensed drivers "shall" be subject to a minimum fine, would prevent a judge from ever imposing a custodial sentence, thus defeating the Legislature's clear intention to enhance the statutory penalty for never-licensed violators.

The proper interpretation of a statute is a question of law that we review de novo. McGovern v. Rutgers, 211 N.J. 94, 107-08 (2012). Our goal, of course, is to determine and effect the Legislature's intent. See K.O., supra, 217 N.J. at 91. We begin with the words of the statute, which we are to give their ordinary meaning and construe in a common-sense manner. Ibid. If the language is unclear or ambiguous, "or if the Legislature's intention is otherwise uncertain," we may resort "to extrinsic aids to 'assist us in our understanding of the

Legislature's will.'" Id. at 92 (quoting Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 264 (2008)).

The Legislature amended N.J.S.A. 39:3-10 in 1982 to add the penalty for the never-licensed driver in the clause we interpret as part of a larger effort to address various penalty provisions in Title 39.[3] L. 1982, c. 45, § 1. With regard to this provision, the Sponsor's Statement provided: "[t]he bill establishes a $200.00 minimum fine and a provision for a court order to the director delaying the issuance of a license for 6 months to anyone who drives and who has never obtained a license." Sponsor's Statement to S. 904, at 5 (Feb. 1, 1982). In approving the bill, the Senate Public Safety and Defense Committee noted that the bill "provides that a person who drives without ever having obtained a license[] will be fined a minimum of $200.00." See Senate Public Safety & Defense Committee, Statement to S. 904 (Feb. 8, 1982). Finally, Governor Kean, in his signing statement, likewise noted that the statute was intended to "increase[] penalties for unlicensed driving . . . [to include a] $200 [fine] if never licensed[.]" Governor's Signing Statement to S. 321 (1982).

---

[3] The text of this portion of the statute has since been altered only once, to remove the decimal point from the fine ($500.00 to $500 and $200.00 to $200). See L. 1998, c. 108, § 1.

Although the statute is mentioned in many opinions, the penalty provision appears never to have been construed.  In State v. Handy, 74 N.J. Super. 294, 299 (Atl. Cty. Ct. 1962), the county court distinguished the statute from the more serious violation of driving on a suspended license, N.J.S.A. 39:3-40.  The court observed that "[i]n violating N.J.S.A. 39:3-10 the offender signifies his possible inaptitude to drive a motor vehicle, and circumvents the licensing authority, regulations, and fees of this State," whereas by "violating N.J.S.A. 39:3-40 the offender asserts his defiance of public sanctions imposed for community safety."  Ibid.  Accordingly, neither prior precedent nor the spare legislative history provides guidance in resolving the meaning of the amendment enhancing the penalty for never-licensed drivers.

Although the Legislature oftentimes uses "or" and "and" interchangeably and whether they are conjunctive or disjunctive "'depends primarily upon the legislative intent,'" Pine Belt Chevrolet v. Jersey Cent. Power & Light Co., 132 N.J. 564, 578 (1993) (quoting Howard v. Harwood's Rest. Co., 25 N.J. 72, 88 (1957)), here no one disputes, as it relates to previously licensed drivers, that the provision is plainly disjunctive: a judge may fine such offenders or sentence them to the county jail but may not do both.  See State v. Duva, 192 N.J. Super.

418, 421 (Law Div. 1983) (noting that "the word 'or' carries with it natural disjunctive import").  The difficulty arises out of the second clause "but if that person has never been licensed . . . he shall be subject to a fine of not less than $200," or, more specifically, the relation of that clause to the disjunctive provision of the statute's first clause.  <u>N.J.S.A.</u> 39:3-10.

We think it apparent from the plain language that the Legislature intended to guarantee a minimum sentence of a $200 fine and a six-month suspension in which no license may issue for such never-licensed drivers.  With regard to whether such drivers may additionally be sentenced to jail, however, the statute is susceptible to two possible interpretations.

One is the one adopted by the Law Division that such drivers must always receive a fine of at least $200 and a six-month suspension and may also receive up to sixty days in the county jail.  The strength of that interpretation is that the Legislature's use of "but" rather than "and" suggests that the second clause is meant to be an exception to the first clause, and that "shall" suggests a mandatory fine.  Its weakness is the acceptance that the fine is capped at the $500 of the first clause, suggesting that the overarching design of fine or imprisonment holds for never-licensed drivers as well.

The other interpretation is the one urged by defendant, that the "but if" clause creates only a minimum fine in the event the judge imposes a fine rather than imprisonment in the county jail. The strength of that interpretation is that it accounts for the entirety of both clauses. Emphasizing that the clause states only that never-licensed drivers "shall be subject to" a $200 minimum fine, which shall be capped at $500, and that never-licensed drivers are not "subject to" a fine "and" a suspension, but that the suspension is "in addition" to the minimum fine to which such drivers are subject, defendant argues that the "but if" clause modifies but does not supplant the fine or jail alternatives of the first clause. The interpretation's weakness is that if "shall" is mandatory and a judge may not impose a fine and jail on a never-licensed driver, then the never-licensed driver may never be sentenced to jail, a result clearly not intended by the Legislature.

Both interpretations are plainly reasonable ones. Indeed, they have an almost Escher-like quality in that viewing the statute from the perspective of one of them makes it hard to readily admit the plausibility of the other. We are persuaded, however, that viewing the "but if" clause as circumscribing, but not overriding, the overarching design of the statute to penalize those driving without a license with a fine or

10                                                    A-5501-12T1

imprisonment but not both, best effectuates the Legislature's intent in amending the statute to impose a harsher penalty on never-licensed drivers.

First, viewing the statute in this way harmonizes both clauses and gives effect to all of the words the Legislature employed. See K.O., supra, 217 N.J. at 94 (noting that the rules of statutory construction require deference to the words chosen by the Legislature). It reads the statute to provide both a minimum sentence and a maximum fine while preserving judicial discretion for a harsher custodial term for both unlicensed and never-licensed drivers. Our construction thus addresses the logical inconsistencies raised by the parties, effects the intent of the Legislature, to the extent it can be discerned, and preserves the discretion of the sentencing judge to impose either a fine or jail time within the limits of the statute.

We note also that while we would not wish to overemphasize internal consistency in a title as vast and so often amended as Title 39, nevertheless, when the Legislature intends fine or imprisonment, or both, for a motor vehicle offense, it often says so plainly. See, e.g., N.J.S.A. 39:4-96 (reckless driving); N.J.S.A. 39:4-36b (failure to yield to a pedestrian); N.J.S.A. 39:4-49 (tampering with vehicle).

Finally, our construction appears in keeping with the popular understanding and practical interpretation of the statute in the municipal courts since its amendment in 1982. See 24 New Jersey Practice, Motor Vehicle Law and Practice, § 2.103 at 67-68 (Robert Ramsay) (rev. 3d ed. 2001). That long understanding unchallenged by litigation is entitled to some deference. See N.J. Ass'n on Corr. v. Lan, 80 N.J. 199, 215 (1979) ("'Like all precedents, where contemporaneous and practical interpretation has stood unchallenged for a considerable length of time it will be regarded as of great importance in arriving at the proper construction of a statute.'") (quoting 2A Sutherland, Statutes & Statutory Constr. § 49.07, 251-52 (4th ed. 1973)).

We reverse defendant's sentence and remand to the Law Division for resentencing. Should the Law Division judge consider imposing a custodial term rather than a fine, he shall apply the standards enunciated in Moran, supra, 202 N.J. at 328, and Henry, supra, 418 N.J.Super. at 490-91. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12                                        A-5501-12T1