**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1514-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH DRAKE,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

February 24, 2016

APPELLATE DIVISION

Argued October 6, 2015 — Decided February 24, 2016

Before Judges Hoffman, Leone and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 05-09-2224.

Stephen W. Kirsch, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Mr. Kirsch, of counsel and on the brief).

Sara M. Quigley, Deputy Attorney General, argued the cause for respondent (John J. Hoffman, Acting Attorney General, attorney; Ms. Quigley, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

The opinion of the court was delivered by

LEONE, J.A.D.

Defendant Keith Drake was sentenced for committing second-degree sexual assault under N.J.S.A. 2C:14-2(c)(1). The court

imposed a minimum term of 85% of the sentence, and a three-year term of parole supervision, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant filed a motion to correct an illegal sentence, asserting that NERA only applies to second-degree sexual assault under N.J.S.A. 2C:14-2(c)(1) if a defendant is simultaneously sentenced for second-degree sexual assault under N.J.S.A. 2C:14-2(b). We reject defendant's reading of NERA, and affirm the denial of defendant's motion.

I.

Our prior opinion upholding defendant's conviction included the following facts. On March 30, 2005, J.H., an eighteen-year-old high school student, went to visit defendant's mother at her home. When J.H. arrived, defendant's mother was not home, but defendant was there. Defendant, who was thirty-five years old at the time, attempted to kiss J.H. Defendant blocked the door when she tried to leave. Despite her protests, defendant grabbed her, straddled her, pulled down her pants, and began performing oral sex on her. J.H. tried to push off the much larger defendant, but he was able to hold her down. Defendant then attempted to penetrate J.H.'s vagina with his penis, but she testified that defendant "didn't go all the way in." After ejaculating on her shirt, and confirming this was her first sexual experience, he allowed her to leave.

Defendant was charged with third-degree criminal restraint, N.J.S.A. 2C:13-2 (count one), second-degree sexual assault by vaginal penetration using physical force or coercion, N.J.S.A. 2C:14-2(c)(1) (count two), and second-degree sexual assault by performing cunnilingus using physical force or coercion, N.J.S.A. 2C:14-2(c)(1) (count three). The jury acquitted defendant on the first two counts, but convicted him on count three.

Defendant's prior record included five juvenile adjudications, twelve disorderly-persons convictions, and nine indictable convictions in New Jersey. He also had four Florida convictions, a federal conviction, and four open New Jersey indictments. The trial court found defendant was a persistent offender under N.J.S.A. 2C:44-3(a), and sentenced him to an extended term of seventeen years in prison.

Defendant's trial counsel acknowledged that defendant's conviction carried with it "a No Early Release Act 85 percent sentence." The trial court agreed that N.J.S.A. 2C:14-2(c)(1) "falls directly under NERA," so "the crime for which the defendant was convicted automatically activates an 85 percent period of parole ineligibility under the No Early Release Act," N.J.S.A. 2C:43-7.2(d)(8). Thus, the court found that "the No Early Release Act applies," and imposed an 85% minimum term

sentence and a three-year period of parole supervision under NERA, <u>N.J.S.A.</u> 2C:43-7.2(a), (c). The court also imposed community supervision for life and registration under Megan's Law, <u>N.J.S.A.</u> 2C:7-1 to -23.

On appeal, defendant did not challenge the applicability of NERA. We affirmed his conviction, but remanded to reconsider other aspects of this sentence. <u>State v. Drake</u>, No. A-6507-06 (App. Div. Oct. 27, 2008), <u>certif. denied</u>, 197 <u>N.J.</u> 477 (2009). Ultimately, on February 17, 2011, the trial court reduced defendant's sentence to sixteen years in prison, and imposed an 85% minimum term sentence and three years of parole supervision, reiterating that NERA "applies pursuant to <u>N.J.S.A.</u> 2C:43-7.2(d)(8)."

Defendant filed a petition for post-conviction relief, challenging his conviction, but not his sentence. We affirmed the denial of his petition. <u>State v. Drake</u>, No. A-1821-12 (App. Div. Apr. 24, 2014), <u>certif. denied</u>, 220 <u>N.J.</u> 40 (2014).

On February 28, 2014, defendant filed a pro se motion to correct an illegal sentence. He argued he could not be sentenced under NERA unless he was convicted under both <u>N.J.S.A.</u> 2C:14-2(c)(1) and 2C:14-2(b). Judge Verna G. Leath ultimately denied the motion by order dated October 28, 2014.

Defendant's appeal was originally heard before an Excessive Sentencing Oral Argument panel pursuant to Rule 2:9-11. It was then transferred to the plenary calendar for briefing and oral argument. In his counseled brief, defendant raises one point:

> DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE SHOULD HAVE BEEN GRANTED. HIS NERA 85% PAROLE BAR WAS ILLEGALLY IMPOSED BECAUSE THE GOVERNING STATUTE REQUIRES A DEFENDANT TO BE CONVICTED OF VIOLATIONS OF BOTH "SUBSECTION B. OF N.J.S. 2C:14-2 AND PARAGRAPH (1) OF SUBSECTION C. OF N.J.S. 2C:14-2" IN ORDER FOR NERA TO APPLY.

Defendant's pro se brief raises the same point in his own words:

> THE DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE SHOULD HAVE BEEN REVERSE DUE TO THE VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS GUARANTEE OF DUE PROCESS. THE DEFENDANT IS CONSEQUENTLY SERVING AN ILLEGAL SENTENCE CONTRARY TO N.J.S.A. 2C:43-7.2. MANDATORY SERVICES OF 85 PERCENT OF SENTENCE FOR CERTAIN OFFENSES STATUTE REQUIRES A DEFENDANT TO BE CONVICTED OF BOTH VIOLATION IN SUBSECTION d. (8) OF N.J.S.A. 2C:43-7.2. (SUBSECTION B. OF N.J.S.2C:14-2 AND PARAGRAPH (1) OF SUBSECTION C. OF N.J.S. 2C:14-2, SEXUAL ASSAULT) IN ORDER FOR NERA TO APPLY. FOR THESE REASONS, THE DEFENDANT RESPECTFULLY REQUEST THAT HIS BRIEF TO CORRECT AN ILLEGAL SENTENCE BE GRANTED IN IT'S ENTIRETY.

## II.

We must consider whether defendant's sentence is illegal. "[A] truly 'illegal' sentence can be corrected 'at any time.'" State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) (quoting R. 3:21-10(b)(5)). "[A]n illegal sentence is one that 'exceeds the

maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'" Id. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). A sentence "not imposed in accordance with law" includes "a disposition [not] authorized by the Code." Murray, supra, 162 N.J. at 247.

The question of what crimes are covered by NERA "is an issue of statutory construction; our review is therefore de novo." State v. Olivero, 221 N.J. 632, 638 (2015). Whether defendant's sentence is unconstitutional is also an issue of law subject to de novo review. State v. Pomianek, 221 N.J. 66, 80 (2015). We must hew to that standard of review.

Because "this is a case of statutory interpretation," our task "'is to discern and give effect' to the Legislature's intent." State v. Munafo, 222 N.J. 480, 488 (2015) (citation omitted). "To begin, we look at the plain language of the statute." Ibid. "Statutory language is to be interpreted 'in a common sense manner to accomplish the legislative purpose.'" Olivero, supra, 221 N.J. at 639 (citation omitted). "We do not support interpretations that render statutory language as surplusage[.]" Burgos v. State, 222 N.J. 175, 203 (2015). "In addition, we will not interpret a statute in a way that 'leads to an absurd result.'" State v. Williams, 218 N.J. 576, 586 (2014) (citation omitted). "If the language is unclear, courts

can turn to extrinsic evidence for guidance, including a law's legislative history." Munafo, supra, 222 N.J. at 488. "But a court may not rewrite a statute or add language that the Legislature omitted." Ibid.

## III.

Under the plain language of N.J.S.A. 2C:43-7.2, NERA applies to second-degree sexual assault under N.J.S.A. 2C:14-2(c)(1). Subsection a. of N.J.S.A. 2C:43-7.2 requires that "[a] court imposing a sentence of incarceration for a crime of the first or second degree enumerated in subsection d. of this section shall fix a minimum term of 85% of the sentence imposed, during which the defendant shall not be eligible for parole." Subsection b. similarly requires that "[t]he minimum term required by subsection a. of this section shall be fixed as a part of every sentence of incarceration imposed upon every conviction of a crime enumerated in subsection d. of this section[.]" N.J.S.A. 2C:43-7.2(b) (emphasis added). Subsection d. requires that "[t]he court shall impose sentence pursuant to subsection a. of this section upon conviction of the following crimes or an attempt or conspiracy to commit any of these crimes[.]" N.J.S.A. 2C:43-7.2(d) (emphasis added). Among the "following crimes" "enumerated in subsection d." is "paragraph (1) of subsection c. of N.J.S. 2C:14-2, sexual assault[.]"

<u>N.J.S.A.</u> 2C:43-7.2(d)(8).   Because <u>N.J.S.A.</u> 2C:14-2(c)(1) is "a crime of the . . . second degree enumerated in subsection d.," NERA applies.  <u>N.J.S.A.</u> 2C:43-7.2(a), (b), (d).

Defendant's contrary argument turns on his parsing of how <u>N.J.S.A.</u> 2C:14-2(c)(1) is enumerated in <u>N.J.S.A.</u> 2C:43-7.2(d)(8), particularly the use of "and."  To put the issue in context, subsection d. of <u>N.J.S.A.</u> 2C:43-7.2 currently lists the following crimes:

>  (1) <u>N.J.S.</u> 2C:11-3, murder;
>
>  (2) <u>N.J.S.</u> 2C:11-4, aggravated manslaughter or manslaughter;
>
>  (3) <u>N.J.S.</u> 2C:11-5, vehicular homicide;
>
>  (4) subsection b. of <u>N.J.S.</u> 2C:12-1, aggravated assault;
>
>  (5) subsection b. of section 1 of <u>P.L.</u> 1996, <u>c.</u> 14 (<u>C.</u> 2C:12-11), disarming a law enforcement officer;
>
>  (6) <u>N.J.S.</u> 2C:13-1, kidnapping;
>
>  (7) subsection a. of <u>N.J.S.</u> 2C:14-2, aggravated sexual assault;
>
>  (8) subsection b. of <u>N.J.S.</u> 2C:14-2 and paragraph (1) of subsection c. of <u>N.J.S.</u> 2C:14-2, sexual assault;
>
>  (9) <u>N.J.S.</u> 2C:15-1, robbery;
>
>  (10) section 1 of <u>P.L.</u> 1993, <u>c.</u> 221 (<u>C.</u> 2C:15-2), carjacking;
>
>  (11) paragraph (1) of subsection a. of <u>N.J.S.</u> 2C:17-1, aggravated arson;

A-1514-14T4

(12) N.J.S. 2C:18-2, burglary;

(13) subsection a. of N.J.S. 2C:20-5, extortion;

(14) subsection b. of section 1 of P.L. 1997, c. 185 (C. 2C:35-4.1), booby traps in manufacturing or distribution facilities;

(15) N.J.S. 2C:35-9, strict liability for drug induced deaths;

(16) section 2 of P.L. 2002, c. 26 (C. 2C:38-2), terrorism;

(17) section 3 of P.L. 2002, c. 26 (C. 2C:38-3), producing or possessing chemical weapons, biological agents or nuclear or radiological devices;

(18) N.J.S. 2C:41-2, racketeering, when it is a crime of the first degree;

(19) subsection i. of N.J.S. 2C:39-9, firearms trafficking; or

(20) paragraph (3) of subsection b. of N.J.S. 2C:24-4, causing or permitting a child to engage in a prohibited sexual act, knowing that the act may be reproduced or reconstructed in any manner, or be part of an exhibition or performance.

Defendant argues that by using "and" rather than "or" in N.J.S.A. 2C:43-7.2(d)(8), the Legislature intended that defendants convicted of sexual penetration using physical force under N.J.S.A. 2C:14-2(c)(1) would be subject to NERA only if they were simultaneously sentenced for "sexual contact with a

9

victim who is less than 13 years old and the actor is at least four years older than the victim" under N.J.S.A. 2C:14-2(b).

However, defendant's parsing fails to interpret the statutory language "'in a common sense manner to accomplish the legislative purpose.'"   Olivero, supra, 221 N.J. at 639 (citation omitted).  The obvious legislative purpose of N.J.S.A. 2C:43-7.2(d) was to list the statutory citation in the Criminal Code, and name of the crime, for every crime to which NERA applies.  Where the Legislature intended every crime encompassed in a Criminal Code section to be covered by NERA, the Legislature simply listed the section and the name of the crime(s).  See N.J.S.A. 2C:43-7.2(d)(1)-(3), (6), (9), (12), (15)-(17).  Where the Legislature intended NERA to apply only to a crime under one subsection, it listed only the specific subsection and the name of the crime(s).  See N.J.S.A. 2C:43-7.2(d)(4)-(5), (7), (10)-(11), (13)-(14), (19)-(20).[1]

N.J.S.A. 2C:43-7.2(d)(8) was the only instance in which NERA applied to more than one subsection, but not to all subsections, of the same crime, namely second-degree sexual

---

[1] In N.J.S.A. 2C:43-7.2(d)(18), the Legislature listed the particular degree of the racketeering crime rather than a subsection because the Criminal Code distinguished violent racketeering from racketeering by giving them different degrees, without putting them in separate subsections.  See N.J.S.A. 2C:41-2, -3(a).

assault. In that unique situation, the Legislature took the common-sense approach of providing that NERA applied to both "subsection b. of N.J.S. 2C:14-2 and paragraph (1) of subsection c. of N.J.S. 2C:14-2, sexual assault." N.J.S.A. 2C:43-7.2(d)(8).

Despite the unique situation posed by N.J.S.A. 2C:43-7.2(d)(8), defendant looks to other situations in N.J.S.A. 2C:43-7.2(d) where the Legislature uses "or." From those different situations, he infers that the Legislature's use of "and" in N.J.S.A. 2C:43-7.2(d)(8) shows an intent to require a defendant be convicted of two crimes for NERA to be applicable. Defendant's implausible inference ignores that the word choice may differ merely because the situations differ. The Legislature used "or" between the names of separate crimes covered by the same section or subsection of the Criminal Code, such as "N.J.S. 2C:11-4, aggravated manslaughter or manslaughter." N.J.S.A. 2C:43-7.2(d)(2); see also N.J.S.A. 2C:43-7.2(d)(14), (17), (20) (replicating "or" from the descriptions of the crimes in the cited Criminal Code section or subsection). The Legislature also used "or" between the subparts of N.J.S.A. 2C:43-7.2(d) to make clear that NERA applies to all the crimes listed in N.J.S.A. 2C:43-7.2(d)(1) through (19) "or" (20).

In any event, if the Legislature had stated that NERA applied to "N.J.S. 2C:11-4, aggravated manslaughter and manslaughter," defendant could not plausibly suggest that NERA would not apply unless a defendant committed both aggravated manslaughter and manslaughter. Similarly, if the Legislature had stated that NERA applied to all the crimes listed in N.J.S.A. 2C:43-7.2(d)(1) through (19) "and" (20), defendant could not plausibly suggest that a defendant had to commit all twenty crimes to be subject to NERA.

That is because "'[t]he words "or" and "and" are ofttimes used interchangeably, and the determination of whether the word "and" as used in a statute should be read in the conjunctive or disjunctive depends primarily upon the legislative intent.'" Pine Belt Chevrolet v. Jersey Cent. Power & Light Co., 132 N.J. 564, 578 (1993) (quoting Howard v. Harwood's Rest. Co., 25 N.J. 72, 88 (1957)); accord State v. Carreon, 437 N.J. Super. 81, 87 (App. Div. 2014). Thus, "it is a well recognized principle of statutory construction" that "and" can be read as "or" "if to do so is consistent with the legislative intent." N.J. State Bd. of Optometrists v. Koenigsberg, 33 N.J. Super. 387, 394 (App. Div. 1954) (citing Murphy v. Zink, 136 N.J.L. 235 (Sup. Ct. 1947), aff'd, 136 N.J.L. 635 (E. & A. 1948)). "The context of the language and the words surrounding the disputed portion

[using 'and'] can be used to evidence an intention to create a disjunctive meaning." Garden State Land Co. v. City of Vineland, 368 N.J. Super. 369, 378 (App. Div. 2004) (citing Pine Belt Chevrolet, supra, 132 N.J. at 578-79). Further, "'and' may be read as 'or' if necessary to carry out the legislative intent." Cruz v. Trotta, 363 N.J. Super. 353, 359 (App. Div. 2003) (citing Howard, supra, 25 N.J. at 88).

For example, in State v. Regis, 208 N.J. 439 (2011), our Supreme Court held that, despite the use of the word "and" in N.J.S.A. 39:4-88(b), "the better construction of the statute is that it consists of two separate, independent clauses, each of which addresses a distinct offense." Id. at 447. The Court concluded that "[t]he Legislature's choice to combine these two clauses in a single sentence, connected by the word 'and' rather than divided into separate sentences, does not alter the analysis." Id. at 448 (citing Pine Belt Chevrolet, supra, 132 N.J. at 578). Similarly, we held that in N.J.S.A. 2C:7-2(d), "the word 'and' must be equated to the conjunction 'or' to give the statute its proper meaning and effect." State v. Leahy, 381 N.J. Super. 106, 112 (App. Div. 2005) (citing Howard supra, 25 N.J. at 88), certif. denied, 186 N.J. 245 (2006).

Here, both context and intent show the better reading of N.J.S.A. 2C:43-7.2(d) is that NERA applies to each and every

crime listed, including N.J.S.A. 2C:14-2(b) and N.J.S.A. 2C:14-2(c)(1). Subsections a. and b. of NERA provide that an 85% minimum-term sentence must be imposed if a defendant is being sentenced for each ("a crime") and "every conviction of a crime enumerated under subsection d." N.J.S.A. 2C:43-7.2(a), (b). Because N.J.S.A. 2C:14-2(c)(1) is one of the "crimes" enumerated in N.J.S.A. 2C:43-7.2(d), the Legislature intended that NERA apply.

We should effectuate that intent even if the Legislature should not have used both "and" and "or" in compiling its lengthy list of crimes. For example, in Koenigsberg, supra, we found the Legislature's use of both "and" and "or" in its long list of covered acts was "subject to criticism from the standpoint of construction," and its use of "and" "le[ft] something to be desired in the way of surface consistency with the various 'or's.'" 33 N.J. Super. at 394. Nonetheless, we applied the "well recognized principle of statutory construction" and read the "and" as an "or" because that was "consistent with the legislative intent." Ibid.

Moreover, defendant's contrary interpretation "'leads to an absurd result.'" Williams, supra, 218 N.J. at 586 (citation omitted). Defendant's reading creates the anomaly that a defendant who commits a crime listed in N.J.S.A. 2C:43-7.2(d) is

not subject to NERA unless he simultaneously committed a second crime. The absurdity of that result becomes even more apparent when the other provisions of NERA are considered. If a defendant were to violate both of those subsections of second-degree sexual assault listed in N.J.S.A. 2C:43-7.2(d)(8), he would have to "commit[] an act of sexual penetration" using "physical force or coercion," while "commit[ting] an act of sexual contact with a victim who is less than 13 years old[.]" N.J.S.A. 2C:14-2(b), (c)(1). However, a defendant who "commits an act of sexual penetration" where "[t]he victim is less than 13 years old" is guilty of aggravated sexual assault under N.J.S.A. 2C:14-2(a)(1), and thus is already subject to NERA under N.J.S.A. 2C:43-7.2(d)(7). Thus, defendant's reading would render N.J.S.A. 2C:43-7.2(d)(8) superfluous. "We decline to interpret [NERA] in a manner that would render 'words in [the] statute surplusage.'" See State v. Patterson, 435 N.J. Super. 498, 517 (App. Div. 2014) (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 440 (2013)).

To avoid such fatal superfluity, defendant posits unlikely scenarios. He argues that there might be cases where N.J.S.A. 2C:43-2(d)(7) did not apply to such a defendant if a jury verdict or plea deal were somehow to result in second-degree convictions for both N.J.S.A. 2C:14-2(b) and (c)(1), rather than

the equivalent first-degree conviction under N.J.S.A. 2C:14-2(a)(1). Defendant also argues that his reading would cover the situation where a defendant committed sexual contact with a victim younger than thirteen years old, then committed forcible penetration when the child was older, and then both crimes were prosecuted together. However, there is no indication that the Legislature was trying to address inconsistent jury verdicts, unusual plea deals, or delayed prosecutions when it "amended NERA to specifically enumerate the first- and second-degree offenses to which NERA applies." State v. Parolin, 171 N.J. 223, 232 (2002) (citing L. 2001, c. 129 (eff. June 29, 2001)). Defendant's strained arguments further illustrate the absurdity of his reading.

Even if defendant's parsing showed that the plain language of N.J.S.A. 2C:43-7.2 "'is not clear or if it is susceptible to more than one plausible meaning,' [we] may look to extrinsic evidence such as legislative history to determine legislative intent." Olivero, supra, 221 N.J. at 639 (citation omitted). "A court may also turn to extrinsic evidence 'if a literal reading of the statute would yield an absurd result, particularly one at odds with the overall statutory scheme.'" In re N.B., 222 N.J. 87, 98-99 (2015) (citation omitted). Thus, we "may turn to such extrinsic guides as legislative history,

including sponsor statements and committee reports."  <u>Wilson ex rel. Manzano v. City of Jersey City</u>, 209 <u>N.J.</u> 558, 572 (2012).  Here, that legislative history shows that our plain reading serves, and defendant's reading contravenes, the Legislature's intent.

"NERA was enacted primarily because of New Jersey's alarmingly high rate of parolee recidivism."  <u>State v. Thomas</u>, 166 <u>N.J.</u> 560, 569 (2001).  "To reduce recidivism, NERA increases the real time period of incarceration of defendants who commit [certain] first- and second-degree . . . crimes by requiring that such defendants serve at least eighty-five percent of the sentence imposed."  <u>State v. Johnson</u>, 182 <u>N.J.</u> 232, 238 (2005).  When originally enacted in 1997, subsection a. of <u>N.J.S.A.</u> 2C:43-7.2 applied "if the crime is a <u>violent crime</u> as defined in subsection d. of this section."  <u>L.</u> 1997, <u>c.</u> 117, § 2 (eff. June 9, 1997) (emphasis added).  Subsection d. originally provided:

> "violent crime" means any crime in which the actor causes death, causes serious bodily injury as defined in subsection b. of <u>N.J.S.</u> 2C:11-1, or uses or threatens the immediate use of a deadly weapon.  "Violent crime" also includes any aggravated sexual assault or <u>sexual assault in which the actor uses, or threatens the immediate use of, physical force</u>.
>
> [<u>Ibid.</u> (emphasis added).]

Because second-degree sexual assault under N.J.S.A. 2C:14-2(c)(1) requires that the actor commit an act of sexual penetration using "physical force or coercion," most or all violations of N.J.S.A. 2C:14-2(c)(1) were already covered by the original version of NERA. See Thomas, supra, 166 N.J. at 573-74 (holding that the original version of NERA applied if "the elements of the sexual offense charged against a defendant . . . contain as an element proof of any one or more of the NERA factors," or if there is "proof of an independent act of force or violence or a separate threat of immediate physical force"); see also State v. Mosley, 335 N.J. Super. 144, 152 (App. Div. 2000), certif. denied, 167 N.J. 633 (2001) (noting the NERA's requirement of "use or threat of immediate use of physical force is an element . . . of sexual assault as defined by N.J.S.A. 2C:14-2c(1)").

Thereafter, the State took the position that NERA applied to second-degree sexual assault under N.J.S.A. 2C:14-2(b), which provides that "[a]n actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least four years older than the victim." In Thomas, we rejected that position because no physical force was used, and we distinguished In Re M.T.S., 129 N.J. 422 (1992), which considered what constituted physical

force under N.J.S.A. 2C:14-2(c)(1). See State v. Thomas, 322 N.J. Super. 512, 515-16, 519-20 (App. Div. 1999), aff'd, 166 N.J. 560, 574 (2001) (holding that "NERA would apply to the M.T.S.-type cases under today's ruling"). In Mosley, we similarly ruled that NERA did not apply in a case of aggravated sexual assault by penetration of a minor less than thirteen years old, N.J.S.A. 2C:14-1(a)(1), again contrasting that "use or threat of immediate use of physical force is an element . . . of sexual assault as defined by N.J.S.A. 2C:14-2c(1)." Mosley, supra, 335 N.J. Super. at 152.

Assembly Bill No. A3201 (Feb. 5, 2001) was introduced to amend NERA, and to overturn Thomas and Mosley, as well as our decision that NERA did not apply to murder in State v. Manzie, 335 N.J. Super. 267 (App. Div. 2000), aff'd by equally divided court, 168 N.J. 113 (2001). See Parolin, supra, 171 N.J. at 232 (NERA "was changed in response to the Appellate Division decisions in" Manzie, Mosley, and Thomas). The appended sponsor's statement explained that "several recent Appellate Division decisions have held that in its present form, NERA is inapplicable to certain crimes." Sponsor's Statement Appended to Assemb. B. No. A3201, at 9 (Feb. 5, 2001) [hereinafter Appended Sponsor's Statement to Assemb. B. No. A3201]. In particular, the sponsor explained that in Mosley and Thomas,

the Appellate Division held that NERA does not apply to cases where the defendant is guilty of sexual assault under N.J.S.A. 2C:14-2 on grounds that the victim is under the age of 13, since the current language of NERA requires the element of some additional "physical force."

In order to overcome the issues raised by these cases and clarify the provisions of [NERA], this bill would amend NERA to specifically list the crimes that are intended to be encompassed by the statute.

[Ibid.]

The bill specifically proposed to amend NERA to apply to both "subsection b. of N.J.S. 2C:14-2 and paragraph (1) of subsection c. of N.J.S. 2C:14-2, sexual assault." Assemb. B. No. A3201, at 3 (Feb. 5, 2001). The bill also listed nine other crimes by their statutory sections or subsections. Ibid.[2] The Assembly's Law and Public Safety Committee and Appropriations Committee reported the bill favorably, proposing the same statutory language about sexual assault and giving the same explanation in their committee reports, but adding five more crimes to be covered by NERA. Assemb. B. No. A3201 (1st reprint Mar. 1, 2001); Assemb. L. & Pub. Safety Comm. Statement to Assemb. B. No. A3201, at 1-2 (Feb. 26, 2001) [hereinafter

_____

[2] A parallel bill proposing the same statutory language about sexual assault, with an identical sponsor's statement, was later introduced in the Senate. S.B. No. S2233, at 3-4 (Mar. 26, 2001).

Assemb. L. & Pub. Safety Comm. Statement]; Assemb. Appropriations Comm. Statement to Assemb. B. No. A3201, at 1-2 (June 4, 2001).[3] Both houses then passed the Assembly Bill. L. 2001, c. 129, § 1 (eff. June 29, 2001) [hereinafter "the 2001 amendment"].[4]

The 2001 amendment replaced the requirement in N.J.S.A. 2C:43-7.2(a) that the crime be "a violent crime as defined in subsection d." with the requirement that the crime be "enumerated in subsection d." Ibid. Subsection d. was amended to replace its definition of "violent crime" with the list of crimes enumerated in N.J.S.A. 2C:43-7.2(d)(1) through (15). Ibid. As amended, subsections a., b., and d. all provided that a court shall impose an 85% minimum term for the crimes enumerated in subsection d., including "subsection b. of N.J.S 2C:14-2 and paragraph (1) of subsection c. of N.J.S. 2C:14-2, sexual assault." Ibid.[5]

_____

[3] The Senate Judiciary Committee favorably reported a substitute bill and statement identical to those reported by the Assembly Committees. S.B. Nos. S2087 & S2233, at 2-3 (June 11, 2001); S. Judiciary Comm. Statement to S.B. Nos. S2087 & S2233, at 1-2 (June 11, 2001) [hereinafter S. Judiciary Comm. Statement].

[4] The other amendment of NERA in 2001 simply reworded some of its parole language. See L. 2001 c. 79, § 16 (eff. Sept. 1, 2001).

[5] Subsequent amendments altered the citation form in N.J.S.A. 2C:43-7.2(d)(5), added the crimes enumerated in N.J.S.A. 2C:43-7.2(d)(16)-(20), and moved the "or", originally between
(continued)

This legislative history supports our reading of the plain meaning of N.J.S.A. 2C:43-7.2. First, second-degree sexual assault using physical force in violation of N.J.S.A. 2C:14-2(c)(1) was already covered by NERA before the 2001 amendment, coverage that the legislative history assumed would continue. Second, one of the major goals of the 2001 amendment was to extend the same coverage to second-degree sexual assault against a victim under thirteen years old in violation of N.J.S.A. 2C:14-2(b) by overturning our decision in Thomas. Third, the legislative history indicated an intent to expand the application of NERA, not only to cover both N.J.S.A. 2C:14-2(b) and (c)(1), but initially nine other crimes, then fourteen other crimes, and now nineteen other crimes.

This legislative history is wholly contrary to defendant's reading of N.J.S.A. 2C:43-7.2. Under his reading, the 2001 amendment would remove NERA's pre-existing coverage of N.J.S.A. 2C:14-2(c)(1) when there is no indication of any intent to do so in the legislative history. His reading would also defeat one of the major goals of the 2001 amendment, to ensure that every

(continued)
subsections (d)(14) and (15), to between subsections (d)(19) and (20) at the end of the expanded list. Those amendments did not otherwise alter subsections a., b., or d. L. 2002, c. 26, § 19 (eff. June 18, 2002); L. 2007, c. 341, § 6 (eff. Jan. 13, 2008); L. 2013, c. 111, § 3 (eff. Nov. 1, 2013); L. 2013, c. 136, § 4 (eff. Aug. 14, 2013).

defendant convicted solely of N.J.S.A. 2C:14-2(b) would receive a NERA sentence. Moreover, his reading would find an intent to restrict the crimes to which NERA is applicable, despite the clear legislative intent to expand the number of such crimes. As Judge Leath noted, "to accept the defendant's argument would mean that the legislature only intended to make a small number of second-degree sexual assaults subject to NERA." That is contrary to the legislative history.

In addition, the legislative history confirms that "[t]he Legislature oftentimes use[d] 'or' and 'and' interchangeably" in promulgating the 2001 amendment. Carreon, supra, 437 N.J. Super. at 87. For example, when the legislative committees added the language in N.J.S.A. 2C:43-7.2(d)(2) on which defendant relies, making NERA applicable to "(2) N.J.S.A. 2C:11-4, aggravated manslaughter or manslaughter," Assemb. B. No. A3201, at 2 (Feb. 26, 2001); S.B. No. S2233, at 3 (Mar. 26, 2001), the committee reports described that subsection as "(2) N.J.S.A. 2C:11-4 (aggravated manslaughter and manslaughter)." Assemb. L. & Pub. Safety Comm. Statement, supra, at 2 (emphasis added); S. Judiciary Comm. Statement, supra, at 1 (emphasis added).

Similarly, just after the Assembly Bill was introduced, a bill was introduced in the Senate which similarly sought to

"amend the provisions of [NERA] concerning sexual assaults in light of recent cases holding the act inapplicable to defendants who commit sexual assaults against certain young victims," citing Mosley and Thomas. Sponsor's Statement Appended to S.B. No. S2087, at 3 (Feb. 8, 2001) [hereinafter Appended Sponsor's Statement to S.B. No. S2087]. This bill proposed simply to amend N.J.S.A. 2C:43-7.2 to "add specific statutory citations to sexual assault crimes, providing that NERA would apply to 'any aggravated sexual assault or sexual assault pursuant to paragraph (1) or paragraphs (3) through (7) of subsection a. of N.J.S. 2C:14-2; subsection b. of N.J.S. 2C:14-2; or paragraph (1) of subsection c. of N.J.S. 2C:14-2.'" Appended Sponsor's Statement to S.B. No. S2087, supra, at 3-4 (emphasis added).[6] When the Senate Judiciary Committee adopted the Assembly's language as a committee substitute, its report did not indicate it was changing its intent and now providing that NERA would only apply if a defendant was convicted of both subsection b. of N.J.S. 2C:14-2 and paragraph (1) of subsection c. of N.J.S. 2C:14-2. See S. Judiciary Comm. Statement, supra, at 1-2.

---

[6] Notably, the original Assembly Bill and sponsor statement provided that NERA would apply to "paragraph (1) and paragraphs (3) through (7) of subsection a. of N.J.S. 2C:14-2, aggravated sexual assault." Assemb. B. No. A3201, at 3 (Feb. 5, 2001) (emphasis added); Appended Sponsor's Statement to Assemb. B. No. A3201, supra, at 9.

Therefore, we find the Legislature intended that a defendant would be subject to NERA if he violated any one of "subsection b. of N.J.S. 2C:14-2 and paragraph (1) of subsection c. of N.J.S. 2C:14-2, sexual assault." N.J.S.A. 2C:43-7.2(d)(8).

Defendant argues it would be absurd for the Legislature to make NERA applicable to second-degree sexual assault where the "victim is less than 13 years old," N.J.S.A. 2C:14-2(b), and applicable where "[t]he actor uses physical force or coercion," N.J.S.A. 2C:14-2(c)(1), but not where a defendant violates the other subsections of N.J.S.A. 2C:14-2(c). However, those other subsections do not concern the two things the Legislature was most concerned about — victims under thirteen years old, and the use of physical force.[7]

Thus, whether we look solely at the plain language of NERA, or examine its legislative history, or apply the canons of statutory interpretation requiring us to avoid surplusage and absurd results, it is clear that NERA applies to a defendant

---

[7] Instead, the other subsections concern the misuse of relationships: a supervisory or disciplinary relationship over detainees; such a relationship, or a familial or guardianship relationship, with a victim over sixteen years old; and the relationship of an adult to a victim between thirteen and sixteen years old. N.J.S.A. 2C:14-2(c)(2), (3), (4). Those subsections were not covered by NERA before or after the 2001 amendment. See Thomas, supra, 166 N.J. at 572.

convicted of second-degree sexual assault under <u>N.J.S.A.</u> 2C:14-2(c)(1).

Accordingly, we decline defendant's invitation to apply the rule of lenity. "That doctrine 'holds that when interpreting a criminal statute, ambiguities that cannot be resolved by either the statute's text or extrinsic aids must be resolved in favor of the defendant.'" <u>State v. Rangel</u>, 213 <u>N.J.</u> 500, 515 (2013) (citation omitted). "'It does not invariably follow, that every time someone can create an argument about the meaning of a penal sanction, the statute is impermissibly vague, or that the lowest penalty arguably applicable must be imposed.'" <u>Olivero</u>, <u>supra</u>, 221 <u>N.J.</u> at 639-40 (citation omitted). "Instead, the rule of lenity is applied only if a statute is ambiguous, and that ambiguity is not resolved by a review of 'all sources of legislative intent.'" <u>Ibid.</u> (citation omitted). Here, the statute's text and all extrinsic aids show defendant was properly sentenced under NERA.

We have also considered, and now reject, the arguments in defendant's pro se brief. Because defendant's NERA sentence was not illegal, his counsel at his resentencing was not ineffective for not raising defendant's current argument. Defendant makes unsupported reference to the Eighth and Fourteenth Amendments of the United States Constitution, but "NERA survives Eighth

Amendment scrutiny." <u>State v. Johnson</u>, 166 <u>N.J.</u> 523, 548 (2001). Defendant's remaining pro se arguments are without sufficient merit to warrant further discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION