**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1757-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS DAMAR DOLLARD,
a/k/a OMAR DOLLARD,

    Defendant-Appellant.

_____

Submitted November 14, 2019 – Decided January 17, 2020

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 90-11-5153.

Thomas Dollard, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Thomas Dollard appeals from the September 12, 2018 order that denied his motion under Rule 3:21-10(b)(5) to correct an illegal sentence. We affirm the order.

In 1991, defendant was convicted of multiple offenses, including second-degree burglary, N.J.S.A. 2C:18-2; fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); two counts of first-degree robbery, N.J.S.A. 2C:15-1; felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree murder, N.J.S.A. 2C:11-3(a)(1); third-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(b); third-degree possession of a weapon without a permit, N.J.S.A. 2C:39-5(c); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

The convictions arose from a homicide in connection with a robbery by defendant and two other assailants. As he described in his brief on appeal, once they gained entry to the apartment of Henry Ladson, defendant told Ladson to "give up his money" but Ladson denied he had any. Defendant fired a gun at Ladson, but it initially misfired. "Ladson said, '[y]ou don't have to shoot me.' [at this point, defendant] fired again and hit Ladson in the chest" killing him.

Defendant and the others left the apartment, but a red bag containing shotgun pellets was left behind, which led to one of the assailants and then to defendant. Other people in the Ladson apartment identified defendant as the shooter.

The sentencing court merged first-degree murder into the felony murder count for sentencing. Defendant was sentenced on the felony murder count to a term of life with a thirty-year period of parole ineligibility. The convictions were affirmed on appeal and the Supreme Court denied certification. See State v. Dollard, 136 N.J. 296 (1994). Defendant filed two petitions for post-conviction relief, both of which were denied. These orders were affirmed on appeal and certification was denied. State v. Dollard, 157 N.J. 646 (1999); State v. Dollard, 200 N.J. 474 (2009).

Defendant filed a motion in 2018 to correct what he alleged to be an illegal sentence. He argued his sentence was illegal "because instead of merging purposeful and knowing murder into felony murder[,] the trial court should have merged felony murder into the conviction for purposeful and knowing murder pursuant to [State of New Jersey v. Jermile Omar Mayo, Nos. A-4078-97; A-4160-97 (App. Div. Jan. 19, 2000) (slip op. at 11).]"

The trial court denied defendant's motion, finding that the sentence of "a 'term of life' with [thirty] years parole ineligibility is not an illegal sentence" and

that merging "purposeful and knowing murder with felony murder had no impact on defendant's overall sentence . . . ."

Defendant raises this issue on appeal:

> THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO RULE 3:21-10(b)(5).

Whether a sentence is illegal is an issue of law that we review de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "An illegal sentence that has not been completely served may be corrected at any time without impinging upon double-jeopardy principles." State v. Austin, 335 N.J. Super. 486, 494 (App. Div. 2000). Recently, our Supreme Court has reiterated "[t]here are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)). These categories "have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)). "[E]ven sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 146. Under

Rule 3:21-10(b), "an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice[.]"

Defendant's argument is that the felony murder conviction should have merged into the purposeful and knowing murder conviction not the other way around. See State v. Watson, 261 N.J. Super. 169, 181 (App. Div. 1992) (providing that "the felony murder convictions should have merged into that for purposeful and knowing murder"). Both offenses, however, carry the same sentence: thirty years to life with a thirty-year period of parole ineligibility. The order in which the judge merged the two offenses is irrelevant.

Defendant does not dispute the sentence was authorized by the statute and that it did not exceed the maximum custodial term.[1] Even if there were an error in terms of the order in which the judge described the merger, this error did not constitute an illegal sentence. See Rule 3:21-10(b)(5). See also State v. Eckert, 410 N.J. Super. 389, 408 (App. Div. 2009) (distinguishing between a sentencing

---

[1] Defendant relies on the same unreported decision he cited before the trial court. An unreported decision does not constitute precedent. It is improper to cite and rely upon an unreported decision except as allowed by Rule 1:36-3.

error and an illegal sentence).[2]  Thus, the trial court correctly denied defendant's motion to correct an illegal sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  Defendant is out of time to correct any sentencing error about the greater offense being merged into the lesser.  See R. 3:21-10(a).

A-1757-18T4