**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2876-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARK TOMPKINS, a/k/a
MARK L. TOMKINS,
DONALD M. WILLIAMS,
DWAYNE L. THOMAS, and
MARK L. THOMPKINS,

    Defendant-Appellant.

_____

Submitted October 1, 2024 – Decided November 4, 2024

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 03-03-0893.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Austin J. Howard, Assistant Deputy Public Defender, of counsel and on the briefs).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mark Tompkins appeals from the February 19, 2022 Law Division order denying his motion to correct an illegal sentence. Defendant seeks to vacate his fifteen-year extended term sentence with a seven and one-half year parole bar after a jury found him guilty of second-degree eluding police, N.J.S.A. 2C:29-2(b). Based on our review of the record and applicable legal principles, we affirm.

I.

On October 24, 2002, defendant was driving his automobile in Newark when he refused a police officer signal to pull over. After fleeing, he was involved in an accident with another vehicle. Although the officer initially pursued defendant, he discontinued pursuit prior to the accident. After receiving a call to respond to the accident, the officer arrived at the scene and conducted his investigation.

On March 11, 2003, defendant was charged with second-degree eluding police. On July 9, 2003, he pled guilty to the charge based on the State's three-year sentencing recommendation. However, at the sentencing hearing, the judge rejected the negotiated three-year sentence finding the sentence "was contrary the interests of justice." The plea was retracted on April 30, 2004. Thereafter,

the judge stated he would accept a five-year sentence recommendation. Defendant did not accept the judge's proffer and instead exercised his right to a jury trial. On July 29, defendant executed a plea cut off form acknowledging that he was eligible for a discretionary extended term. After a jury trial on September 16, defendant was found guilty of second-degree eluding.

On September 24, the State filed a motion to impose a discretionary extended term against defendant as a persistent offender, N.J.S.A. 2C:44-3a. The filing was within fourteen days of the verdict as required by Rule 3:21-4(e). In support of the motion, the State certified defendant had been previously convicted of second- and third-degree crimes under four separate indictments and submitted the judgments of conviction. However, the sentences for those convictions were imposed on the same date of October 2, 1998. Therefore, these sentences did not satisfy the requirement defendant "was previously convicted on at least two separate occasions" pursuant to N.J.S.A. 2C:44-3a.

Almost five months later, the State filed an amended certification in support of its motion for an extended term. The amended certification listed five convictions of second- and third-degree offenses with prior sentencing dates. The State did not specify which two convictions qualified defendant as a persistent offender.

A-2876-22

At sentencing, defendant argued the State's extended-term motion was untimely because the original motion was deficient on its face, the amended certification was not filed within the fourteen days permitted by Rule 3:21-4(e), and the State failed to show "good cause" under the rule for the late filing.

The State read its amended certification into the record but still did not identify the two qualifying convictions. Defense counsel stated he was aware of the extent of defendant's criminal record because he and the prosecutor had "went through the San[d]s/Brunson[1] issue before trial and all of these judgments were produced . . . [we] went through all of them." The judge granted the State's motion for an extended term, finding "good cause" to excuse the untimely filing of its amended certification under Rule 3:21-4(e) and found no prejudice to defendant "who was clearly on notice of his exposure to [an] extended term" based on his plea cut-off form and discussions concerning the qualifying convictions at the Sands/Brunson hearing. The judge found the State satisfied the requirements of N.J.S.A. 2C:44-3a to impose a discretionary extended term. The judge sentenced defendant to a fifteen-year base term with a discretionary seven-and-one-half-year parole bar, applying then-existing law, which restricted the permissible base range to between the minimum and maximum of the

---

[1] State v. Sands, 76 N.J. 127 (1978); State v. Brunson, 132 N.J. 377 (1993).

extended term range of between ten to twenty years which made fifteen years the "presumptive" term, on which the judge relied.

In his direct appeal, defendant asserted the trial judge erred when it imposed an extended term sentence based on the State's untimely motion. State v. Tompkins, No. A-5006-04 (App. Div. Dec. 8, 2006). This court affirmed defendant's conviction but remanded for resentencing relying upon State v. Pierce, 188 N.J. 155, 163 (2005) (slip op. at 2), which had modified the range for a discretionary extended term sentence to permit any term between the minimum ordinary term and the maximum extended term. Id. at 9-10. We reasoned "remand proceedings will present an opportunity for the State to notify defendant of the prior convictions on which it relies for imposition of the extended term and for defendant to defend against its imposition under N.J.S.A. 2C:44-3a. See R. 3:21-4(e)." Id. at 10.

At the resentencing hearing on March 15, 2007, the State recited three prior convictions on the record. The State "ask[ed]" the court to sentence the defendant to the same fifteen years with a seven and one-half year parole bar. In response, defense counsel conceded that defendant's prior criminal record met the prior-convictions criteria of N.J.S.A. 2C:44-3a. His counsel stated "given [defendant's] record, given his age, . . . I would agree that the minimal criteria

are met under the circumstances[,]" but asked that the State place on the record "the specific offenses that it intends to rely on . . . in order for the extended term in this particular case to apply at all." In support of the persistent offender extended term request, the State listed three separate convictions, which constituted at least two prior convictions committed at different times. Defense counsel voiced no objection. No appeal was filed by defendant. The resentencing judge granted the State's motion reciting the three prior convictions and imposed the same sentence. The judge noted defendant's prior record included "thirty-four arrests, seventeen indictable convictions, a disorderly persons conviction and several parole violations."

## II.

Before the motion judge, defendant again argued the State failed to file its motion seeking a discretionary extended term within fourteen days of the verdict as required by Rule 3:21-4(e), and therefore an extended-term sentence should not have been imposed. Defendant also argued the State failed to comply with our directives to specify which of defendant's prior convictions it was relying upon to support the extended term during the resentencing hearing. Defendant thus asserts his sentence was illegal and should be corrected.

6

The State argued its motion for an extended term was timely filed on September 24, 2004, within fourteen days of the September 16, 2004 verdict in compliance with Rule 3:21-4(e), which provided sufficient notice the State was seeking an extended term. Also, the State's amended motion certification dated February 3, 2005 was served on defendant prior to the February 16, 2005 sentencing and notified him of all prior convictions that qualified him for extended-term sentencing.

On February 19, 2023, the motion judge issued a written order and decision denying defendant's motion. The judge recognized that although defense counsel had previously agreed defendant's criminal history made him eligible as a persistent offender, "[t]he issue presented here is whether the State complied with" the mandatory notice requirements. The judge stated the only issue before him was whether the State's motion was timely filed in accordance with R. 3:21-4(e).

In reviewing the State's notice, the judge acknowledged both of the State's written filings were flawed. The State's first motion and certification, received September 24, 2004, did not properly identify two predicate charges and the State's amended certification filed February 3, 2005, though listing several prior convictions, "still did not specify which prior convictions would qualify as

proper predicate offenses."  Even so, the judge determined the State complied with our remand order of December 8, 2006, by orally "set[ting] forth the specific charges" on the record at the resentencing on March 15, 2007, and reasoned that our remand instruction to "notify defendant" assumed the State could cure its notice deficiencies.

The judge found defendant "abandoned the argument that the extended term is illegal because the State failed to notify [defendant] and the court which prior offenses were to be relied upon as predicate convictions for the imposition of the discretionary extended term."  The judge added "[n]evertheless, prudence dictates that the [c]ourt briefly addresses this argument."

The judge explained this court had rejected any argument the State had failed to provide sufficient notice of the predicate prior convictions and had merely directed the State to clarify which prior convictions, out of the numerous qualifying convictions listed in the State's amended certification, it was relying upon in support of the motion.  The judge reasoned:

> The Appellate Division, which remanded the case for resentencing, addressed this same argument and stated that "the remand proceedings will present an opportunity for the State to notify defendant of the prior convictions on which it relies for imposition of the extended term."  Thus, the Appellate Division already contemplated and rejected this argument as evidenced by its decision to allow a resentencing in order for the

State to clearly set forth the prior convictions relied upon for the extended term. If the Appellate Division found that the State had made an error the State could not cure, that finding would have been expressed in the Appellate Division's [o]pinion.

On June 12, 2023, we granted defendant's motion to file his notice of appeal as within time. On March 19, 2024, the appeal was heard on this court's sentencing oral argument calendar. Following argument, we entered an order directing the matter be transferred to the plenary calendar and a scheduling order issued. By consent of the parties, we required a limited correction of the judgment of conviction to reflect the proper prior service credits, which was amended on April 9, 2024.

On appeal, defendant raises the following point(s):

POINT 1

DEFENDANT'S DISCRETIONARY EXTENDED TERM AND PAROLE BAR ARE ILLEGAL AND MUST BE VACATED.

A. NO PROCEDURAL BAR PREVENTS THIS COURT FROM CORRECTING DEFENDANT'S ILLEGAL AND UNJUST EXTENDED SENTENCE.

B. THE STATE VINDICTIVELY PUNISHED DEFENDANT FOR EXERCISING HIS RIGHT TO A JURY TRIAL BY INITIALLY AGREEING TO A [THREE-] YEAR PLEA DEAL BUT THEN SEEKING A [FIFTEEN-]

9

YEAR EXTENDED TERM SOLELY BECAUSE HE WENT TO TRIAL.

C. THE STATE REPEATEDLY FAILED TO PROVIDE THE STATUTORILY REQUIRED NOTICE DESPITE MULTIPLE CHANCES AND A PRIOR ORDER OF THIS COURT.

D. THE PROPER REMEDY IS TO VACATE DEFENDANT'S EXTENDED TERM AND PAROLE BAR AND IMPOSE THE MAXIMUM ORDINARY TERM AND PAROLE BAR TO PERMIT HIS IMMEDIATE RELEASE.

In response, the State argues we should affirm the motion judge's ruling because defendant's claim the State failed to provide adequate notice of the predicate prior convictions was already adjudicated, he waived the claim by failing to appeal the resentencing discretionary extended term ordered. The State further argues defendant's "trial tax" argument, raised for the first time on appeal, is an excessiveness claim which he presented as part of his argument in mitigation at his original sentencing and resentencing and therefore should be barred in this appeal.

The State further argues no error was made by the re-sentencing judge because defendant's belated claim that he should have received a written submission detailing the qualifying prior convictions is "a weak attempt to elevate form over substance." The State argues there is ample evidence in this

record defendant "received sufficient notice that he was extended term eligible and [fifteen years] have passed since defendant was resentenced and he did not file an appeal." The State also points out the defendant has filed two PCR petitions, a motion for a new trial, and a habeas petition, but did not "think to raise this claim and there is no good reason to rehash the notice issue."

## III.

Whether a sentence is illegal is an issue of law that we review de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "An illegal sentence that has not been completely served may be corrected at any time without impinging upon double-jeopardy principles." State v. Austin, 335 N.J. Super. 486, 494 (App. Div. 2000). Our Supreme Court has held "[t]here are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)). These categories "have been 'defined narrowly'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)).

"[E]ven sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is

authorized by law." Id. at 146. Under Rule 3:21-10(b)(5), "[a] motion may be filed, and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice." See State v. Zuber, 227 N.J. 422, 437 (2017) ("A defendant may challenge an illegal sentence at any time." (citing R. 3:21-10(b)(5))). Under Rule 3:22-5, "a prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

At resentencing, defense counsel admitted defendant's prior convictions qualified him for extended-term eligible sentencing. Defense counsel conceded "the . . . two [convictions] are certainly within the time frame." Furthermore, the judge found the aggravating factors "preponderate over the mitigating factors." The judge listed all the aggravating factors on the record and articulated why it led him to impose an extended sentence.

The record demonstrates there was a prior adjudication in 2007 concerning this issue at the resentencing hearing regarding the sentence being beyond the statutorily authorized range for an ordinary second-degree offense.

We conclude this adjudication is conclusive under Rule 3:22-5 and therefore barred from re-argument in this appeal.

Even if the prior adjudication was not conclusive, under N.J.S.A. 2C:44-3a, the criterion for the extended term is that defendant was "previously convicted on at least two separate occasions for two crimes, committed at different times, when he was at least [eighteen] years of age." Defendant fits into this category since he had been previously convicted on two separate occasions for two crimes at two different times when he was at least eighteen years old. At the hearing, the State verbally represented the predicate convictions on the record, and defendant's counsel stipulated the convictions met the requirements for consideration of an extended sentence.

We conclude there was no prejudice to defendant because the State did not delineate which two of the three qualifying convictions posited from defendant's record were the operative convictions. We conclude at the original sentencing hearing sufficient notice was provided to defendant of all the qualifying convictions being relied upon by the State for its extended sentence motion by way of its amended notice filed approximately thirteen days before the sentencing hearing. Defendant was provided adequate notice and time to respond to the State's amended notice and agreed on the record the convictions

13

listed on the notice met the extended term requirements of the statute. The judge finding good cause to allow the amended submission from the State was well supported by the record.

We further conclude the State's failure to provide the specific qualifying convictions in writing prior to the resentencing hearing was not sufficiently prejudicial to defendant to support the vacation of the extended term sentence imposed. The State orally placed the same qualifying convictions on the record as relied upon at the 2005 sentencing hearing, and defendant agreed that the convictions qualified as extended term eligible. At the time of resentencing, defendant had been aware of the list of qualifying convictions the State was relying upon for approximately two years. Other than defendant asserting the qualifying convictions were not provided in writing, he fails to specify the actual prejudice against him because of the State's alleged inadequate notice.

IV.

We now turn to defendant's argument that the State's extended term request cannot be explained by "anything other than the vindictive punishment of [defendant] for exercising his constitutional right to a trial" and his extended term sentence should be vacated. Defendant argues the discretionary term was vindictive because at the time the State had agreed to plead his second-degree

14

eluding offense to a three-year flat sentence, it had not moved for an extended term sentence. He argues before trial, an extended term sentence within the first-degree range was "not on the table" at all. He then claims only after he elected to proceed to trial did the State move for the extended sentence. Defendant contends the increase was "drastic" and the State has yet to provide "any non-vindictive reason" for why it sought the fifteen-year term only after he went to trial.

"We generally 'decline to consider questions or issues not properly presented to the trial court . . . unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" State v. Marroccelli, 448 N.J. Super. 349, 373 (App. Div. 2017) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Since we determine neither of these exceptions apply, the defendant's argument lacks merit.

Addressing defendant's argument for completeness, even though it was not raised before the motion judge or below, we conclude our rules require that any ground for relief not raised on direct appeal is procedurally barred if not brought in a motion to reduce or change a sentence within sixty days after the date of the judgment of conviction. See R. 3:21-10(a). No motion was filed by defendant within the sixty-day requirement which bars his argument.

Defendant also relies upon our Court's holding in State v. Hannah, 248 N.J. 148, 175-79 (2021) and asserts the sentence was a "fundamental injustice." "A fundamental injustice occurs 'when the judicial system has denied a defendant with fair proceedings leading to a just outcome or when inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice.'" Id. at 179 (quoting State v. Nash, 212 N.J. 518, 540 (2013)). "To demonstrate a fundamental injustice, a defendant must show 'that an error or violation played a role in the determination of guilt.'" Ibid. (quoting Nash, 212 N.J. at 547).

The State argues the extended term was "always on the table and defendant knew [that]." Also, the State claims both judges involved in the sentencing were not permitted to consider, nor did they consider, the failed three-year plea agreement or the five-year recommendation rejected in aggravation or mitigation of sentence.

"The essence of . . . prosecutorial vindictiveness is a violation of due process by retaliating against a defendant for exercising a legal right." State v. Gomez, 341 N.J. Super. 560, 571 (App. Div. 2001) (citing Blackledge v. Perry, 417 U.S. 21, 27-28 (1974)). "[A] defendant claiming prosecutorial vindictiveness must present 'affirmative proof of actual vindictiveness,'" State

v. Jeannotte-Rodriguez, 469 N.J. Super. 69, 105 (App. Div. 2021) (quoting Gomez, 341 N.J. Super. at 578), or rather, proof showing "the prosecutor's action was solely retaliation against [the] defendant for the exercise of a legal right," Gomez, 341 N.J. Super. at 575 (citing United States v. Goodwin, 457 U.S. 368, 380 (1982)).

Here, defendant was given notice of the possibility of receiving an extended sentence when he undisputably checked off the two boxes on the plea cut off form notifying him of a possible extended term sentence and by the discussion of his convictions at the Sands/Brunson hearing before trial. The sentence is within the time frame authorized by the persistent offender statute. The length of the sentence for a second-degree eluding conviction extends from five years, which is the bottom of the ordinary range, to twenty years, which is the top of the extended range. N.J.S.A. 2C:43-6; N.J.S.A. 2C:43-7a(3). The trial court is also permitted to impose a parole ineligibility term "not to exceed one-half of the term set pursuant to subsection (a)" of N.J.S.A. 2C:43-7. Defendant's term of fifteen years with a seven and one-half year parole disqualifier fits squarely into this range. Therefore, defendant's sentence does not exceed the permitted range. We discern, under these facts, defendant's

A-2876-22

sentence does not meet the vindictiveness standard because he had actual notice the State may request an extended term sentence after trial.

To the extent we have not otherwise addressed defendant's arguments, they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION