**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1237-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMEEL ROLLINS,
a/k/a JAMEEL BURGESS,
SHAKIL CLARK,
JAMAL ROLLINS,
SHAREEK ROLLINS,
JAMIL WILEY, MILTON
CRAWFORD, MALIK
WILEY, MILFORD
CRAWFORD, MILTON
VAUGHN, and JAMIL WILLEY,

     Defendant-Appellant.

_____

Submitted November 14, 2024 – Decided November 25, 2024

Before Judges Natali and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-01-0262.

Jameel Rollins, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jameel Rollins appeals from the November 1, 2023 order denying his motion to correct an illegal sentence. We affirm.

We previously discussed the underlying facts and procedural history of defendant's case on direct appeal. State v. Rollins, No. A-2468-11 (App. Div. Aug. 19, 2014) (slip op. at 11-14). We provide a summary of the facts for purposes of addressing defendant's arguments.

On October 15, 2008, defendant and his co-defendant, Emmanuel Pierrevil, used a stolen Lexus to "box in" a vehicle owned by Ahmad Mann, a BMW, as he was leaving his mother's house in Newark. The men approached Mann carrying guns and attempted to force him into the Lexus. Mann's mother arrived home during the incident and one of the defendants pointed a gun at her while the other struck Mann in the head twice with his gun. Mann broke free and the assailants fired several shots at him, all of which missed. Defendant and Pierrevil drove off in the Lexus and Mann's BMW.

A police officer spotted the vehicles after hearing a report of the incident and attempted to stop them. They accelerated rapidly and entered an industrial

2

area in Jersey City where they stopped. The officer exited his vehicle, and the cars turned and headed toward him. Both vehicles swerved to avoid hitting the officer as they sped away. The officer identified defendant as the driver of the Lexus. A high-speed chase ensued, during which the vehicles weaved among lanes and crossed into oncoming traffic.

The BMW crashed and Pierrevil was arrested after attempting to flee on foot. Witnesses saw Pierrevil throw something onto the roof of a building. Police recovered a loaded handgun from the roof which was matched to the shell casings found near Mann's mother's house. The Lexus crashed into a vehicle driven by Igor Jean-Mary. A police officer saw defendant exit the Lexus and arrested him after he fell down a hill while attempting to flee. A loaded handgun was found in the Lexus.

Defendant and Pierrevil were tried together. Defendant was convicted of second-degree conspiracy to commit carjacking, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-2; second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:12-1(b)(1); second-degree eluding, N.J.S.A. 2C:29-2(b); two counts of second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); two counts of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); two counts of third-degree receiving stolen

property, N.J.S.A. 2C:20-7; two counts of third-degree resisting arrest by creating a risk of physical injury, N.J.S.A. 2C:29-2(a)(3)(b); and second-degree aggravated assault by causing or attempting to cause serious bodily injury to Jean-Mary, N.J.S.A. 2C:12-1(b)(1).

After appropriate mergers, the court sentenced defendant for second-degree conspiracy to commit carjacking to an extended term of twenty years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, as a persistent offender pursuant to N.J.S.A. 2C:44-3(a).[1] The court grouped the numerous offenses into three categories and imposed consecutive sentences within the ordinary sentencing ranges for each group, including a sentence of ten years subject to NERA for second-degree aggravated assault of Jean-Mary concurrent to the other offenses in the same group.

On direct appeal, we vacated defendant's conviction for aggravated assault of Jean-Mary and otherwise affirmed his convictions and sentence. We concluded the court's finding of aggravating factors three, N.J.S.A. 2C:44-1(a)(3), six, N.J.S.A. 2C:44-1(a)(6), and nine, N.J.S.A. 2C:44-1(a)(9), was unassailable. The court carefully considered the appropriateness of the extended

---

[1] There is no dispute defendant qualified as a persistent offender based on his extensive criminal history.

term for conspiracy to commit carjacking and we found its decision to impose the maximum sentence on that count and the other counts reflected a careful weighing of the sentencing criteria. We rejected defendant's contention that the court misapplied its discretion by imposing consecutive sentences. The court properly evaluated the factors set forth in State v. Yarbough, 100 N.J. 627, 643-44 (1985), because the crimes were committed against different victims at different times. We remanded the matter for the entry of an amended judgment of conviction. Our Supreme Court denied certification. State v. Rollins, 220 N.J. 573 (2015).

After the matter was remanded, the State moved to dismiss the indictment for second-degree aggravated assault of Jean-Mary. On September 23, 2014, the court entered an amended judgment of conviction dismissing that count. The sentence originally imposed was not otherwise amended.

Defendant filed a petition for post-conviction relief (PCR), which the court denied without an evidentiary hearing. We affirmed the denial of PCR. State v. Rollins, No. A-4726-15 (App. Div. Feb. 22, 2018). Our Supreme Court denied certification. State v. Rollins, 236 N.J. 33 (2018).

On August 7, 2023, defendant filed a motion to correct an illegal sentence, arguing the court imposed too many consecutive sentences, relied on evidence

relating to dismissed counts, should have resentenced him and imposed a lesser sentence after the aggravated assault count was dismissed, and failed to conduct an overall fairness assessment pursuant to State v. Torres, 246 N.J. 246 (2021). On November 1, 2023, the court entered an order denying the motion supported by a written opinion. The court found defendant was properly sentenced to an extended term as a persistent offender for conspiracy to commit carjacking and all the sentences imposed complied with the applicable sentencing ranges.

On appeal, defendant raises the following arguments for our consideration.

POINT I:

THE JUDGE ERRED BY FAILING TO CORRECT DEFENDANT'S ILLEGAL SENTENCE BECAUSE AGGRAVATED ASSAULT COUNT [TEN] WAS DISMISSED [AND] THE SENTENCING COURT USED THAT AS THE BASIS FOR THE IMPOSING CONSECUTIVE SENTENCES; AS SUCH, DEFENDANT IS ENTITLED TO HAVE THE CONSECUTIVE SENTENCE VACATED AND RESENTENCED IN ACCORDANCE WITH THE CODE OF CRIMINAL JUSTICE.

A. The [j]udge [e]rred by [s]entencing [d]efendant to [n]ine [c]onsecutive [t]erms, [r]esulting in an [e]xcessive [forty-]year [s]entence with [thirty-and one-half years] of [p]arole [i]neligibility.

6

> B. The [j]udge [e]rred by imposing an [e]xtended term based upon [c]harges [d]efendant was found [n]ot [g]uilty.

We affirm substantially for the reasons set forth in the court's November 1, 2023 written opinion. We add the following comments.

Whether a defendant's sentence is illegal is an issue of law subject to de novo review. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code [of Criminal Justice] for a particular offense' or a sentence 'not imposed in accordance with the law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). Pursuant to Rule 3:21-10(b)(5), a motion to correct an illegal sentence may be filed at any time. However, "[a] defendant's contentions regarding consecutive sentences . . . do not relate to the issue of sentence 'legality' and are not cognizable . . . under the present Rule 3:21-10(b)(5)." Id. at 47.

The court correctly determined defendant's sentence is not illegal. All the custodial terms and other penalties imposed fall squarely within the applicable sentencing guidelines. Defendant failed to set forth a meritorious argument of illegality.

We are not persuaded by defendant's excessive sentence arguments. An appellate court's review of a sentencing court's imposition of a sentence is guided by an abuse of discretion standard, which requires the sentence be affirmed so long as "'the trial judge follow[ed] the Code and the basic precepts that channel sentencing discretion,'" State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Case, 220 N.J. 49, 65 (2014)), and the sentence does not "shock the judicial conscience." Case, 220 N.J. at 65 (quoting State v. Roth, 95 N.J. 334, 365 (1984)).

Having reviewed the sentence anew, we remain convinced the court's finding of aggravating factors three, six, and nine is unassailable and the court appropriately imposed an extended term for conspiracy to commit carjacking because defendant was a persistent offender. We are satisfied the court properly evaluated the Yarbough factors and did not misapply its discretion by imposing consecutive sentences. Even after dismissal of the aggravated assault charge, defendant's crimes involved different victims and were committed at different times. The court adhered to all applicable sentencing guidelines and the sentence does not shock the judicial conscience.

Defendant's contention that the court failed to conduct an overall fairness analysis pursuant to Torres lacks merit. Torres was decided nine years after

defendant was sentenced and is not applicable. Moreover, the court adequately explained the basis for its decision to impose consecutive sentences and detailed the reasons for concluding the overall sentence was warranted as required by Torres. 246 N.J. at 267-68.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1237-23