**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1214-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALONZO HILL, a/k/a
ALONZO E. HILL, and
LONNIE,

    Defendant-Appellant.

_____

Submitted December 19, 2024 – Decided January 6, 2025

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-03-1221.

Alonzo Hill, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alonzo Hill appeals from the December 1, 2023 order denying his motion to correct an illegal sentence. We affirm.

We previously discussed the underlying facts of the case on direct appeal. State v. Hill, No. A-6583-95 (App. Div. Mar. 23, 1999) (slip op. at 3-5). We provide a summary of the facts for purposes of addressing defendant's arguments.

On July 29, 1994, defendant, who was twenty-four years old, and two co-conspirators, Tony Frazier and James Lomack, stole a car from the driveway of a home in East Orange, while its owner, Sandra McKnight, was unloading groceries. After forcing McKnight into the back seat, defendant got behind the wheel and began to drive away. Before he could, McKnight's husband arrived from the backyard, and defendant twice ran over him with the car. The three then drove away with McKnight held captive.

Defendant claimed McKnight started "bugging" as they drove, and his fifteen-year-old co-defendant, Frazier, threatened her with a gun and suggested they throw her out of the car. McKnight begged them to release her, but defendant declined to do so because he feared she would call the police. Defendant claimed he intended to steal another car and then leave McKnight in her car without the keys.

2

The three came upon a Saab in a driveway in Roselle with its engine running.  Lomack got into the Saab and both cars drove off.  The owner of the Saab, an off-duty Linden police officer, and his cousin gave chase in another car.  During the ensuing high-speed pursuit, Lomack drew a gun and repeatedly shot at his pursuers.  One of the bullets fired by Lomack grazed the officer's cousin and several hit their car.  The chase ended when the officer lost the Saab as it turned onto the Garden State Parkway.

Defendant and Frazier drove to Newark to find Lomack.  They killed McKnight approximately two hours after they abducted her and abandoned her car with her body in it.  She died as a result of a single gunshot from a "[t]ech [n]ine assault weapon" that was held against her head when fired.  Defendant and Frazier each claimed the other was the shooter.  Several weeks later, Lomack was killed in a shoot-out with police in an unrelated matter.  While investigating that incident, police linked Lomack to the McKnight murder, and then uncovered the role played by defendant and Frazier.  When the police arrested defendant, he was in possession of the keys to the stolen Saab and a nine-millimeter handgun that was not linked to McKnight's murder.

In 1996, defendant was tried before a jury and convicted of second-degree conspiracy to commit carjacking, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-2; first-

degree kidnapping, N.J.S.A. 2C:13-1(b)(1); two counts of first-degree carjacking, N.J.S.A. 2C:15-2; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); third-degree conspiracy to commit theft, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:20-3(a); three counts of first-degree attempted murder, N.J.S.A. 2C:11-3 and N.J.S.A. 2C:5-1; two counts of third-degree possession of a firearm without a permit, N.J.S.A. 2C:39-5(b) and (f); two counts of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); murder, N.J.S.A. 2C:11-3(a)(1) and (2); and felony murder, N.J.S.A. 2C:11-3(a)(3). After appropriate mergers, the judge sentenced defendant to five consecutive life terms with one hundred and thirty-five years of parole ineligibility.

On direct appeal, defendant argued the imposition of five consecutive life terms was manifestly excessive. Defendant asserted the court failed to properly analyze the factors set forth in State v. Yarbough,[1] and misapplied its discretion by imposing consecutive sentences. He also claimed "[t]he aggregate sentence [was] . . . excessive and unjustified" because "instead of applying the Yarbough

_____

[1] 100 N.J. 627 (1985).

A-1214-23

criteria and considering the related nature of the offenses and overall fairness of the sentence, the judge fractionalized the incident and imposed multiple consecutive terms."

We affirmed defendant's conviction on direct appeal but remanded for resentencing because the trial court erred in imposing an extended term for McKnight's murder pursuant to N.J.S.A. 2C:43-7(a)(6), which did not become effective until several months after her death. Also, we concluded the court erred by imposing a mandatory extended term for carjacking, which is not an offense included in N.J.S.A. 2C:43-6(c). We determined defendant's sentences for attempted murder of the officer and his cousin should have been run concurrently instead of consecutively. Our Supreme Court denied certification. State v. Hill, 161 N.J. 147 (1999).

On August 27, 1999, defendant was re-sentenced in accordance with our instructions to four consecutive terms of life imprisonment for the: (1) kidnapping and carjacking of McKnight; (2) attempted murder of McKnight's husband; (3) carjacking and attempted murder of the police officer and his cousin; and (4) murder of McKnight. Defendant did not appeal from that judgment of conviction. He filed a petition for post-conviction relief (PCR),

5

which the court denied.  We affirmed the denial of PCR.  State v. Hill, A-1798-12 (App. Div. Mar. 30, 2015), certif. denied, 222 N.J. 18 (2015).

On June 1, 2023, defendant filed a motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5).  On December 1, 2023, the trial court entered an order denying the motion supported by a written opinion dated November 2, 2023.  The court found defendant's argument that "consecutive sentences and periods of parole ineligibility constituted abuse of discretion by the sentencing judge" was expressly raised and rejected on direct appeal.  It also determined resentencing was not required based on State v. Torres, 246 N.J. 246 (2021), because that case was decided more than twenty years after defendant was sentenced and does not apply retroactively.  The court denied the motion because defendant's sentence "is not an illegal sentence."

Defendant raises the following arguments on appeal.

POINT I

THE [COURT] ERRED WHEN IT DETERMINED THAT [DEFENDANT'S] SENTENCE WAS PREVIOUSLY ADJUDICATED ON THE MATTER, AND THAT THE SENTENCE WAS NOT ILLEGAL NOR RETROACTIVELY APPLICABLE.

POINT II

THE [COURT] ERRED WHEN IT FAILED TO ADDRESS AND MAKE A FACTUAL

6

CONCLUSION WITH APPELLANT'S REMAINING ILLEGAL SENTENCING CLAIMS.

POINT III

THE COURT'S FAILURE TO ADDRESS THE DEFENDANT'S DISPARITY ARGUMENT THAT HIS CONSECUTIVE SENTENCE FOR THE MURDER COUNT IS DISPARATE TO HIS CODEFENDANT'S CONCURRENT SENTENCE FOR THE SAME COUNT AND THE FAILURE TO PROVIDE A REASON FOR THE DISPARITY OR AN OVERALL FAIRNESS ASSESSMENT REQUIRES THE MATTER TO BE VACATED FOR RE-SENTENCING.

Having reviewed the record, we affirm substantially for the reasons set forth in the court's written opinion. We add the following comments.

Whether a defendant's sentence is illegal is an issue of law subject to de novo review. See State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code [of Criminal Justice] for a particular offense' or a sentence 'not imposed in accordance with the law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). Pursuant to Rule 3:21-10(b)(5), a motion to correct an illegal sentence may be filed at any time. However, "[a] defendant's contentions regarding consecutive sentences . . . do not relate to the

7

issue of sentence 'legality' and are not cognizable . . . under the present Rule 3:21-10(b)(5)." Id. at 47.

The court correctly determined defendant's sentence is not illegal. All the custodial terms, fines, and penalties that were imposed fall squarely within the applicable sentencing guidelines. Defendant failed to set forth a meritorious claim of illegality.

Defendant primarily reiterates arguments with respect to the sentencing court's imposition of consecutive sentences and alleged misapplication of the Yarbough factors that were raised and rejected on direct appeal. Those arguments cannot be relitigated on a motion to correct an illegal sentence. See State v. Trantino, 60 N.J. 176, 180 (1972) (recognizing a prior adjudication on the merits of an issue on direct appeal is conclusive and cannot be relitigated, even if of constitutional dimension). As we previously held, the consecutive sentences for the independent acts of kidnapping, carjacking, attempted murder, and murder, which resulted in the death of McKnight and injuries to two other victims, were imposed correctly based on the sentencing court's careful consideration of the record and applicable law. Defendant's contention that the

sentencing court failed to appropriately consider the imposition of consecutive sentences and the "overall fairness" of his sentence lacks merit.[2]

Defendant's contention that the sentencing court failed to consider his age at the time of the offenses and sentencing lacks merit. It specifically acknowledged his age during the sentencing hearing. Defendant's claim that the sentencing court "should have found mitigating factor[] fourteen, N.J.S.A. 2C:44-1(b)(14)" is incorrect. That mitigating factor was adopted effective October 19, 2020.

Defendant's argument that he is entitled to be resentenced because the sentencing court did not order a new adult presentence report (PSR) when he was resentenced following remand in 1999 is not persuasive. He does not offer any evidence to support this claim. Even if true, our review of the record does not reveal any basis to conclude the original PSR was incomplete or incorrect, or that a PSR ordered in 1999 would have included information that might have affected the sentence imposed.

---

[2] Defendant concedes the court determined correctly Torres did not announce a new rule of law and does not apply retroactively. Instead, he contends he must be resentenced because the sentencing court did not appropriately consider the "overall fairness" of the sentence as required prior to Torres.

The claim that his sentence is disproportionate to the sentence imposed on Frazier, who was fifteen years old at the time of the offenses, is an excessive sentencing argument not properly raised on a motion to correct an illegal sentence. Moreover, the argument was expressly addressed on direct appeal when we noted "[t]he distinction between [defendant's] and Frazier's sentences can be partially attributed to the fact that [defendant] had one more conviction for attempted murder than did Frazier" in addition to Frazier's youth.

Defendant's remaining argument regarding the sufficiency of the court's findings and other arguments we may not have addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1214-23