**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0287-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHON JONES,

    Defendant-Appellant.

_____

Submitted September 8, 2025 – Decided October 9, 2025

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-06-2283.

Rashon Jones, appellant pro se.

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Rashon Jones appeals from an April 29, 2024 order denying his motion to correct an illegal sentence, arguing his aggregate sentence is

unconstitutional and excessive given his age when he committed the offense. Perceiving no merit to defendant's arguments, we affirm.

The relevant facts are undisputed. Defendant, then nineteen years old, bludgeoned his sixteen-year-old girlfriend and mother of his child to death. A jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1), and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). Following his conviction, the judge sentenced defendant to life in prison with a thirty-year period of parole ineligibility for the murder and a consecutive ten-year term with five years of parole ineligibility on the aggravated assault.

We affirmed defendant's conviction and sentence on direct appeal, State v. Jones, No. A-1165-96 (App. Div. May 28, 1999). We expressly noted that the aggregate sentence and periods of parole ineligibility were not "in the least shocking" and did not constitute an abuse of discretion, given the "especially depraved purposeful or knowing murder" at issue. State v. Jones, No. A-4809-18 (App. Div. June 9, 2020). Our Supreme Court denied certification. State v. Jones, 162 N.J. 129 (1999).[1]

---

[1] We also denied defendant's subsequent appeal from the motion court's denial of his first petition for post-conviction relief and our Supreme Court denied certification. State v. Jones, 175 N.J. 574 (2003). Similarly, defendant's petition for habeas relief also failed. Jones v. Hendricks, No. Civ. A. 04-27 (JLL) (D.N.J. May 26, 2006).

A-0287-24

Defendant later sought resentencing, arguing that developments in neuroscience recognized in cases, including State v. Zuber, 227 N.J. 422, cert. denied, 583 U.S. 826 (2017) and Miller v. Alabama, 567 U.S. 460, 480 (2012) should preclude such lengthy sentences for offenders of his age at the time he committed his crimes, and that the motion court erred in denying him a resentencing hearing. Additionally, defendant asserted that newly available evidence regarding adolescent brain development supported his claim for a jury instruction on passion-provocation manslaughter, potentially warranting a new trial.

We previously rejected defendant's arguments under Rule 2:11-3(e)(2), affirming the denial of relief and noting that the holdings in Miller and Zuber apply "only to juvenile defendants," and "have no applicability here as defendant was not a juvenile when he committed the murder and aggravated assault for which he was sentenced." State v. Jones, No. A-4809-18 (App. Div. Jun. 9, 2020) (slip op. 5-6), and our Supreme Court denied certification. State v. Jones, 249 N.J. 340 (2021).

Over the next two years, defendant filed an additional motion seeking to correct an illegal sentence and later a consolidated motion to correct an illegal

3

sentence, rehashing his prior arguments.[2]  At the April 29, 2024 hearing, the State informed the court defendant's pro se motion had previously been heard and affirmed on appeal, "indicating that Miller and Zuber did not apply to the defendant."  Later that day, the motion court denied defendant's motion.[3]

Before us, defendant presents the following arguments:

POINT I

N.J.S.A. [] 2C:11-3(b)(1), AND THE DECISION IN STATE V. COMER, 249 N.J. 359 (2022), ARE UNCONSTITUTIONAL AS APPLIED TO APPELLANT DEFENDANT WHO IS SCIENTIFICALLY SIMILAR TO JUVENILES.

    A.  Violation of Appellant's Equal Protection Constitutional Rights

    B.  Violation of Appellant's Constitutional Rights To Fundamental Fairness

POINT II

THE USE OF JUVENILE DELINQUENCY ADJUDICATIONS TO GO ABOVE THE PRESUMPTIVE TERM TO IMPOSED TWO MAXIMUM CONSECUTIVE SENTENCES, A LIFE

---

[2]  Pertinent to this appeal is defendant's consolidated motion to correct an illegal sentence filed in 2023.

[3]  On the record, the State informed the court of our 2020 opinion denying defendant's prior motion to correct an illegal sentence.  The court in referencing our 2020 opinion concluded the motion before it constituted another attempt by defendant to correct his sentence.

A-0287-24

SENTENCE AND A [TEN]-YEAR SENTENCE, VIOLATES ARTICLE I, PARAGRAPHS 1 AND 12 OF THE NEW JERSEY CONSTITUTION.

POINT III

THE SENTENCING COURT FAILED TO MAKE AN EXPLICIT STATEMENT EXPLAINING THE OVERALL FAIRNESS OF THE TWO MAXIMUM CONSECUTIVE SENTENCES IMPOSED, THUS RENDERING THE OVERALL SENTENCE ILLEGAL.

Our review of a denial of a motion to correct an illegal sentence is an issue of law, and therefore, subject to a de novo review. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 165 N.J. 240, 247 (2000)). This includes a sentence "imposed without regard to some constitutional safeguard." Zuber, 227 N.J. at 437. There is no temporal limit on a court's ability to review an illegal sentence; it "can be corrected at any time." Acevedo, 205 N.J. at 47.

In his pro se brief, defendant rehashes arguments raised in his prior motions alleging his sentence was illegal based on his age at the time he committed these crimes, which we previously rejected. He further asserts two additional points, neither of which has merit.

5

Guided by our recent opinion in State v. Sean Jones, 478 N.J. Super. 532 (App. Div. 2024), certif. denied, 259 N.J. 304 (2024), we discern no support for defendant's argument our Constitution commands that Comer be applied to young adult offenders over the age of eighteen. Defendants in Jones were between the ages of eighteen and twenty when they were convicted of murder. They later sought resentencing based on Comer, arguing that scientific evidence shows that many youthful offenders do not reach maturity until years after the age of eighteen.

In examining this issue, we first summarized the landscape of legal precedent and "guiding legal principles to give context to defendants contentions." Sean Jones, 478 N.J. Super. at 535. We expressly declined defendants' invitation to extend the holding in Comer, concluding instead that our Supreme Court's decision was "limited to juvenile offenders tried and convicted of murder in adult court." Id., 478 N.J. Super at 549. We further stated, "[i]n our view, the Court neither explicitly nor implicitly extended this right of sentence review to offenders who [were] between eighteen and twenty years of age when they committed their crimes." Id.

Applying our holding in Sean Jones to this defendant's case, we reach the same conclusion: defendant's contentions are unsupported by law as he was an

A-0287-24

adult at the time he committed the murder and aggravated assault upon his then-girlfriend.  We therefore reaffirm our prior rejection of defendant's arguments, which lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).  Defendant is also barred by Rule 3:22-5 from relitigating issues, "[if] the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal."  State v. Marshall, 173 N.J. 343, 351 (2002) (quoting State v. Marshall, 148 N.J. 89, 150 (1997)).

Similarly, we reject defendant's second argument the sentencing court violated the Constitution by referring to his juvenile delinquency adjudications to go above the presumptive term of incarceration to impose two maximum consecutive sentences.  We note that "[an] adult defendant's prior juvenile record may properly be considered in making sentencing determinations, particularly if the juvenile adjudications are relatively recent, voluminous, or severe."  State v. C.W., 449 N.J. Super. 231, 259 (App. Div. 2017) (citing State v. Torres, 313 N.J. Super. 129, 162 (App. Div. 1998), certif. denied, 156 N.J. 425 (1998)).

Defendant next contends that the sentencing court failed to assess the overall fairness of his consecutive sentences under State v. Yarbough, 100 N.J. 627 (1985) and State v. Torres, 246 N.J. 246 (2021).  However, the Court in Torres acknowledged that age alone cannot drive the outcome of a sentencing

A-0287-24

decision. <u>Id.</u> at 274. And here, the court properly considered the aggravating and mitigating factors, including that defendant's attack on his victim, his then-girlfriend and mother of his child, was especially vicious.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

8