**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1449-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARVIN M. BROWN, a/k/a
MYSTIFY BROWN, and
TROY HILL,

    Defendant-Appellant.

_____

> Submitted November 13, 2025 – Decided November 21, 2025
>
> Before Judges Gummer and Vanek.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 98-11-4356.
>
> Marvin M. Brown, self-represented appellant.
>
> Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and the brief).

PER CURIAM

Defendant Marvin M. Brown appeals from an October 1, 2024 order denying his motion to correct an illegal sentence. We affirm.

I.

We previously recounted the facts underlying defendant's conviction in our decision on defendant's direct appeal, where we remanded for the entry of an amended judgment of conviction (JOC). State v. Brown, No. A-3156-00 (App. Div. Dec. 12, 2002) (slip op. at 3-5). Therefore, we briefly summarize only the facts material to the appeal of the amended JOC before us.

Defendant was convicted of the following as an accomplice in the 1997 murder of Terrence Hines: first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a). Defendant was also convicted of second-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3.

The sentencing judge merged the conspiracy and second-degree weapon convictions into the murder conviction, for which defendant was sentenced to an extended term of life imprisonment subject to an eighty-five percent parole disqualifier under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The extended term was mandatorily imposed because defendant had prior Graves

2

Act convictions, N.J.S.A. 2C:43-7(a)(6).[1] The sentence for murder was also subject to a thirty-five-year parole disqualifier under the Graves Act, N.J.S.A. 2C:43-6(c) and 2C:43-7(a). During sentencing, defense counsel conceded the Graves Act applied.

A concurrent five-year term was imposed on the third-degree weapons conviction, and the aggregate sentence was ordered to run consecutively to the sentence that defendant was serving for federal crimes. Statutory penalties were also imposed.

Defendant appealed his conviction. We vacated the NERA portion of defendant's sentence and remanded for entry of an amended JOC. We affirmed the conviction "[i]n all other respects." Brown, slip op. at 18. After the amended JOC was entered, the resultant sentence was life in prison subject to the remaining thirty-five-year parole disqualifier under the Graves Act.

In May 2006, defendant filed a post-conviction relief (PCR) petition, claiming ineffective assistance of counsel. The PCR judge denied the petition, considering it time-barred under Rule 3:22-12(a). State v. Brown, No. A-5874-

---

[1] N.J.S.A. 2C:43-6(c) renders the extended term mandatory and requires a sentence of "between [thirty-five] years and life imprisonment, of which the defendant shall serve [thirty-five] years before being eligible for parole." See N.J.S.A. 2C:43-7(a)(6).

06 (App. Div. Feb. 23, 2009) (slip op. at 1, 15), <u>certif. denied,</u> 199 N.J. 515 (2009). We affirmed the PCR judge's decision on both substantive and procedural grounds.

In December 2023, defendant moved to correct an illegal sentence, arguing the Graves Act cannot apply where there was no proof defendant had actual or constructive possession of a qualifying firearm during commission of the predicate offense. Judge John Zunic denied the motion in an order accompanied by a comprehensive written decision.

Judge Zunic held that defendants are subject to the Graves Act if they actually or constructively possessed a qualifying firearm <u>or</u> if they are found guilty of the predicate offense as an accomplice. Judge Zunic found there was no direct evidence of defendant's actual possession of the firearm or his intent to use it unlawfully, but there was "clear evidence" of possession and intent "implied through the concept of accomplice liability."

On appeal, defendant raises the following issues for our consideration:

> I. THE LOWER COURT ERRED IN DENYING THE MOTION AND MUST BE REMANDED FOR PROPER CONSIDERATION OF ITS MERITS.
>
> II. THIS MATTER MUST BE REMANDED FOR AN ERLINGER/CARLTON HEARING.

II.

A-1449-24

We review de novo orders concerning motions to modify sentencing decisions pursuant to Rule 3:21-10(b) if the issue on appeal is whether the judge applied the correct legal standard.  State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016).  If the appeal challenges whether the facts presented to the sentencing judge are sufficient to warrant relief under Rule 3:21-10(b), we apply an abuse of discretion standard.  State v. Arroyo-Nunez, 470 N.J. Super. 351, 376 (App. Div. 2022).

Rule 3:21-10 provides, in relevant part, that a motion to reduce or change a sentence may be made at any time to "correct[ ] a sentence not authorized by law including the Code of Criminal Justice."  R. 3:21-10(b)(5).  Further, Rule 3:22-2(c) permits a defendant to seek PCR from an illegal sentence when the defendant claims:

> [i]mposition of sentence [was] in excess of or otherwise not in accordance with the sentence authorized by law if [the claim is] raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule.  Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to [Rule] 3:21-10(b)(5).

### III.

Because we discern no error, we affirm the order denying defendant's motion substantially for the same reasons expressed in Judge Zunic's written

5

opinion. We add only the following, addressing defendant's new argument that the application of the Graves Act to his sentence was illegal under Erlinger v. United States, 602 U.S. 821 (2024), because his sentence relied on facts not decided by the jury.

In Erlinger, the United States Supreme Court held that "the Fifth and Sixth Amendments generally guarantee a defendant the right to have a unanimous jury find beyond a reasonable doubt any fact that increases his [or her] exposure to punishment." 602 U.S. at 828, 833-34. "Virtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Id. at 834 (alteration in original) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)) (internal quotation marks omitted).

In State v. Carlton, 480 N.J. Super. 311 (App. Div. 2024), we addressed the implication of Erlinger on sentencing under the persistent-offender statute, N.J.S.A. 2C:44-3(a), not the Graves Act provision at issue here. In Carlton, we acknowledged that Erlinger precluded a sentencing court from determining the factual predicates for consideration of enhanced sentencing under the persistent-offender statute. Carlton, 480 N.J. Super. at 326. We held "a unanimous jury must find beyond a reasonable doubt that all five of the [required] factual

predicates are present, or the defendant must admit these predicates as part of a knowing and voluntary waiver of the right to a jury trial with respect to extended-term eligibility." Id. at 328-29.

Without reaching the merits, we conclude defendant's argument under Erlinger is time-barred. In Carlton, we concluded that Erlinger applied retroactively only to pipeline cases addressing the persistent-offender statute, N.J.S.A. 2C:44-3(a). 480 N.J. Super. at 326-27. The Erlinger Court stated it relied on established constitutional principles, 602 U.S. at 838-39, to "abrogate New Jersey Supreme Court precedent that embraced a contrary interpretation of the Apprendi doctrine, State v. Pierce, 188 N.J. 155 (2006)." Carlton, 480 N.J. Super. at 316-17.

We similarly conclude Erlinger should be given only pipeline retroactivity were it to apply to N.J.S.A. 2C:44-3(d). The Court has reached a similar conclusion as to other decisional law affecting sentencing issues. See, e.g., State v. Natale, 184 N.J. 458, 494 (2005) (affording pipeline retroactivity to Blakely v. Washington, 524 U.S. 296 (2004)); State v. Grate, 220 N.J. 317, 335 (2015) (affording pipeline retroactivity to Alleyne v. United States, 570 U.S. 99 (2013)). Pipeline retroactivity "best balances principles of fairness and repose," while "[f]ull retroactivity would overwhelm our courts with resentencings and

impose a devastating burden on the judiciary." Natale, 184 N.J. at 494. Because defendant's direct appeal was adjudicated on December 12, 2002, when we vacated the NERA aspect of his sentence, it was not pending when Erlinger was decided. Thus, we decline to consider defendant's arguments because they are not subject to pipeline retroactivity.

We have considered all of defendant's arguments on appeal and, to the extent we have not expressly addressed any of them, we have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division