**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2350-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JASON PETTIS,

     Defendant-Appellant.

_____

Submitted October 28, 2025 – Decided January 7, 2026

Before Judges Gilson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 09-08-1370 and 09-08-1383.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Elizabeth K. Gibbons, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jason Pettis appeals from an order denying his motion to correct an alleged illegal sentence imposed in 2011. This appeal requires us to determine whether the rule established in Erlinger v. United States, 602 U.S. 821 (2024), applies retroactively to collateral reviews of sentences that became final for appeal purposes before Erlinger was decided in 2024. In State v. Carlton, we held that the rule in Erlinger applies to pipeline cases. 480 N.J. Super. 311, 326-27 (App. Div. 2024). We now hold that the rule in Erlinger is not fully retroactive and does not apply to a collateral review of a sentence that became final before June 2024.

I.

We discern the relevant facts and procedures from the record, noting that the material facts are not in dispute. In 2009, a man was shot and seriously injured. Fortunately, the victim did not die.

Defendant was indicted for three crimes related to the shooting: first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1), (2); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). In a separate indictment, defendant was charged with second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b).

In 2011, a jury convicted defendant of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), as a lesser included charge of attempted murder; second-degree unlawful possession of a weapon; and second-degree possession of a weapon for an unlawful purpose. In a separate trial, the jury also convicted defendant of second-degree certain persons not to have a weapon.

In December 2011, defendant was sentenced for the convictions under both indictments. On defendant's conviction for second-degree aggravated assault, the court imposed an extended term under New Jersey's persistent offender statute, N.J.S.A. 2C:44-3(a). In that regard, the court found that defendant had committed at least two prior third-degree crimes on separate occasions and, therefore, sentenced defendant to fifteen years in prison subject to periods of parole ineligibility and parole supervision as prescribed by N.J.S.A. 2C:43-6(c) and the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On the weapons convictions, the court merged the conviction for unlawful possession of a weapon with the conviction for possession of a weapon for an unlawful purpose. The court then sentenced defendant to seven years imprisonment and ran that sentence concurrent to the fifteen-year sentence.

On the conviction for certain persons not to have a weapon, the court sentenced defendant to five years in prison with five years of parole ineligibility.

A-2350-23

The court entered that sentence on a separate judgment of conviction and directed that the sentence was to run consecutive to the sentences under the convictions for aggravated assault and the weapons offenses related to the shooting.

Defendant appealed his convictions and sentences, and argued, among other things, that his sentences were excessive. We rejected defendant's arguments and affirmed his convictions and sentences, with a modification to his sentences. State v. Pettis, No. A-3508-11 (App. Div. Dec. 27, 2013) (slip op. at 3). We directed that defendant's sentences be modified so that defendant's conviction for unlawful possession of a weapon merge with his aggravated assault conviction. Id. at 19. We noted the modification would not change defendant's aggregate sentences of twenty years in prison with periods of parole ineligibility. Ibid. Thereafter, defendant's judgment of conviction was amended accordingly. On July 18, 2014, the New Jersey Supreme Court denied defendant's petition for certification. State v. Pettis, 218 N.J. 531 (2014).

Defendant then filed a petition for post-conviction relief (PCR), which was denied, and we affirmed the denial. State v. Pettis, No. A-1137-16 (App. Div. Nov. 13, 2017) (slip op. at 2). In 2018, the New Jersey Supreme Court denied defendant's petition for certification. State v. Pettis, 233 N.J. 361 (2018).

Several years later, in July 2023, defendant moved to correct an alleged illegal sentence. He argued that his sentences were illegal for essentially two reasons: (1) the "sentence enhancements based on acquitted conduct [were] unconstitutional under the Sixth Amendment, as well as the Due Process Clause of the Fifth Amendment"; and (2) there had been no "overall fairness" assessment of his sentences.

On December 4, 2023, the trial court issued an order and letter opinion denying defendant's motion. In the letter opinion, the court noted that defendant failed to provide any evidence that the sentence enhancement was based on acquitted conduct. Thus, the court rejected that argument. The court also pointed out that the requirement to conduct an overall fairness assessment, which was announced in 2021 in State v. Torres, 246 N.J. 246 (2021), was not a new rule and did not apply retroactively to defendant's sentences, which were imposed in 2011.

Defendant appealed. In 2024, while his appeal was pending, the United States Supreme Court issued its decision in Erlinger. We initially considered defendant's appeal in February 2025 on a sentencing oral argument calendar. Because of the decision in Erlinger, we determined that the appeal warranted full merits briefing and we therefore moved the appeal to a plenary calendar.

II.

On this appeal, defendant makes one argument:

> DEFENDANT'S SENTENCE MUST BE VACATED PURSUANT TO ERLINGER V. UNITED STATES, 602 U.S. 821 (2024), AND REMANDED.

Thus, defendant has abandoned the arguments he made before the trial court, and he makes a new argument seeking to have the rule announced in Erlinger applied fully retroactively to his request for collateral review of his sentence.

We review motions to correct an illegal sentence under a de novo standard. State v. Jones, 478 N.J. Super. 532, 541 (App. Div. 2024); State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). In Erlinger, the United States Supreme Court held that the Fifth and Sixth Amendments required a jury, rather than a judge, to determine whether a defendant's past offenses were committed on separate occasions in determining whether the defendant was required to have a mandatory extended sentence under the federal Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). 602 U.S. at 834-35.

In Carlton, this court held that Erlinger's rule applies to cases still in the direct appeal pipeline. 480 N.J. Super. at 326-27. In other words, we held that when a defendant's convictions and sentences have not become final for appeal purposes, and are still subject to direct appellate review, the Erlinger rule applies

6

to those pipeline cases.  Ibid.  Notably, in Carlton, we did not address whether the Erlinger rule is fully retroactive.  Id. at 332.

A.  Whether the Erlinger Rule Applies Retroactively to Cases on Collateral Review.

Under N.J.S.A. 2C:44-3(a), a judge may sentence a defendant to an extended term if "[t]he defendant has been convicted of a crime of the first[-], second[-,] or third[-]degree and is a persistent offender."  To qualify as a persistent offender, a defendant must: (1) be at least twenty-one years of age at the time the crime was committed; (2) have been previously convicted on at least two separate occasions of crimes committed at different times while at least eighteen years old; and (3) have committed the most recent of those crimes, or been released from confinement for that crime, whichever is later, within ten years of the commission of the crime for which the defendant is being sentenced. Ibid.

The State candidly, and correctly, concedes that if Erlinger's rule is applied fully retroactively, then "the sentencing procedure followed in this case violated defendant's Fifth and Sixth Amendment rights" and defendant's extended term sentence would have to be vacated and remanded so that a jury could determine if his two prior convictions occurred on separate dates.  In that regard, the State acknowledges: "Erlinger made clear that defendants facing the

7

possibility of extended sentences have the right to have a jury determine whether their prior convictions occurred on separate occasions." The State argues, however, that Erlinger should not be applied retroactively to collateral challenges.

In Erlinger, the United States Supreme Court addressed an issue of criminal procedure: whether defendants facing the possibility of extended sentences have the right to have a jury determine if their prior convictions occurred on separate occasions. 602 U.S. at 826-28. The Court held that both the Fifth and Sixth Amendments of the United States Constitution requires that determination to be made by a jury. Id. at 834-35.

When a criminal-procedure decision implicates federal constitutional rights, New Jersey courts follow federal precedent in determining the retroactivity of that decision. State v. Lark, 117 N.J. 331, 335 (1989). In that regard, the New Jersey Supreme Court has explained: "To the extent that retroactivity issues arise in the context of criminal-procedure decisions implicating rights guaranteed under the federal [C]onstitution, United States Supreme Court precedents control the scope of retroactivity." Ibid. See also 257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417, 441 (2025) (explaining that the Supremacy Clause requires state courts to apply federal

retroactivity rules to precedent of the United States Supreme Court). Accordingly, we apply federal precedent to determine the retroactivity of the Erlinger rule.

Federal courts conduct a three-step inquiry to determine if a constitutional rule of criminal procedure applies retroactively on collateral review. See Beard v. Banks, 542 U.S. 406, 411 (2004) (citing Teague v. Lane, 489 U.S. 288 (1989)). "First, the court must determine when the defendant's conviction became final." Ibid. Second, the court must determine whether the rule is new. Ibid. New rules of criminal procedure apply to cases on direct review but generally do not apply to cases on collateral review. Edwards v. Vannoy, 593 U.S. 255, 262 (2021); see also State v. Natale, 184 N.J. 458, 492-94 (2005) (applying a new rule of criminal procedure "compelled" by Supreme Court precedent to cases on direct review but not to cases on collateral review); State v. Adkins, 221 N.J. 312-13 (2015) (same). Finally, if the rule is new, the court must determine whether the new rule falls into an exception to non-retroactivity. Beard, 542 U.S. at 411.

A conviction becomes final when "the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." Ibid.

9

(quoting Caspari v. Bohlen, 510 U.S. 383, 390 (1994)). A defendant generally has ninety days from the exhaustion of a state appeal to petition for a writ of certiorari to the United States Supreme Court. 28 U.S.C. § 2101(d); U.S. Sup. Ct. R. 13(1).

Defendant's convictions and sentences became final in 2014. We affirmed his convictions and sentences in December 2013. The New Jersey Supreme Court then denied defendant's petition for certification in July 2014. The ninety-day deadline for filing a petition for writ of certiorari expired in late 2014. Consequently, under the first step of the retroactivity inquiry, it is indisputable that defendant is seeking a collateral review of his sentence.

The second step of the retroactivity analysis requires a determination of whether the decision in Erlinger created a new rule of criminal procedure. The majority opinion in Erlinger did not expressly state that it was creating a new rule. It did, however, apply the constitutional principles it had previously announced in 2000 in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), thereby implying that it was not creating a new rule. Erlinger, 602 U.S. at 836.[1]

---

[1] We are aware that in Carlton we stated that the Erlinger majority did say it was not creating a new rule. Carlton, 480 N.J Super. at 316. But that statement does not end the full retroactivity analysis because the Carlton court also expressly stated it was not deciding that issue. Id. at 332.

In his dissent, Justice Kavanaugh expressly addressed whether the Erlinger rule would apply to collateral reviews. 602 U.S. at 859 n.3 (Kavanaugh, J., dissenting). He stated: "For any case that is already final, the Teague rule will presumably bar the defendant from raising today's new rule in collateral proceedings." Ibid. (citing Edwards, 593 U.S. at 258; Teague, 489 U.S. at 310 (plurality opinion)).

In Carlton, we reasoned that "the [United States] Supreme Court was not creating a new rule, but merely applying constitutional principles it had previously announced [in Apprendi]." 480 N.J. Super. at 316-17. The Carlton court, however, also determined that Erlinger "abrogate[d] New Jersey Supreme Court precedent . . . [and] necessitate[d] a significant change to New Jersey practices and procedures for imposing a persistent-offender extended term of imprisonment under N.J.S.A. 2C:44-3(a)." Id. at 317.

That the Erlinger Court did not expressly state it was creating a new rule is not determinative of the issue. See Saffle v. Parks, 494 U.S. 484, 488 (1990) (explaining that a rule is considered "new" based on its effect within the existing legal landscape and its relationship to current law). Instead, the United States Supreme Court has "defined a new rule as a rule that 'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or was not

11

'dictated by precedent existing at the time the defendant's conviction became final.'" Ibid. (emphasis omitted) (quoting Teague, 489 U.S. at 301 (plurality opinion)). In other words, a rule is new if, at the time the defendant's conviction became final, a state court would not "have felt compelled by existing precedent" to apply it. Ibid.

Applying these federal retroactivity principles, Erlinger did announce a new rule as applied to New Jersey's persistent offender statute. In Apprendi, the United States Supreme Court addressed a New Jersey sentencing enhancement statute that allowed a judge to impose a longer sentence of imprisonment if the judge found that the offender's crime was motivated by racial bias. 530 U.S. at 468-71. The Court held that any fact that increases the penalty of a crime beyond the statutory maximum, must be found by a jury, not a judge, beyond a reasonable doubt. Id. at 490. Thus, the Court explained that only a jury may find "facts that increase the prescribed range of penalties to which a criminal defendant is exposed." Ibid. (quoting Jones v. United States, 526 U.S. 227, 252 (1999)).

Significantly, however, the Apprendi Court recognized an important exception to the rule and stated that "the fact of a prior conviction," could be found by a judge and need not be found by a jury. Ibid. The Apprendi Court,

12

however, did not define the scope of that exception. Nevertheless, in 2006, the New Jersey Supreme Court held that a judge could find that prior crimes occurred on separate occasions under New Jersey's persistent offender's statute and that the finding fell within Apprendi's exception. State v. Pierce, 188 N.J. 155, 158, 163 (2006). The New Jersey Supreme Court explained "a sentencing court does not engage in impermissible fact-finding when it assesses a prior record of convictions and determines that a defendant is statutorily eligible for a discretionary extended term as a persistent offender." Id. at 158.

Accordingly, the Erlinger decision broke "new ground," and "imposes a new obligation on" New Jersey courts in applying its persistent offender statute. See Saffle, 494 U.S. at 488 (quoting Teague, 489 U.S. at 301 (plurality opinion)). Therefore, as applied to New Jersey's persistent offender statute, Erlinger announced a new rule of criminal procedure.

Having determined that Erlinger is a new rule for purposes of New Jersey's persistent offender statute, lastly, we must determine whether one of the exceptions to the non-retroactivity rule applies. The United States Supreme Court has recognized two exceptions to the non-retroactivity of new federal rules. Teague, 489 U.S. at 311 (plurality opinion). First, a new rule applies retroactively "if it places 'certain kinds of primary, private individual conduct

A-2350-23

beyond the power of the criminal law-making authority to proscribe.'" Ibid. (quoting Mackey v. United States, 401 U.S. 667, 692 (1971) (Harlan, J., concurring in part)). In other words, a new rule applies retroactively if it is substantive and not procedural. See Welch v. United States, 578 U.S. 120, 129 (2016) (quoting Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004)) (explaining that rules "that place particular conduct or persons covered by the statute beyond the State's power to punish" are "substantive" rules).

Second, a new rule applies retroactively if it is a "watershed" rule of criminal procedure. Teague, 489 U.S. at 311 (plurality opinion). A watershed rule "(1) is aimed at improving the accuracy of trial and (2) alters our understanding of the bedrock procedural elements essential to the fairness of the proceedings." State v. Purnell, 161 N.J. 44, 62 (1999) (emphasis omitted) (citing Teague, 489 U.S. at 311 (plurality opinion)).

We hold that neither exception to the non-retroactivity rule applies here. The first exception does not apply because as we have already explained the decision in Erlinger set forth a procedural rule. The rule affects "only the manner of determining the defendant's culpability," and not the "range of conduct or the class of persons that the law punishes." Edwards, 593 U.S. at 264 n.3 (quoting Schriro, 542 U.S. at 353). The second exception also does not

14

apply because Erlinger did not announce a watershed rule.  See id. at 271 (explaining that "no new rules of criminal procedure can satisfy the watershed exception").

In summary, because the Erlinger decision announced a new rule of criminal procedure after defendant's conviction became final, and because no exception applies, the Erlinger rule does not apply retroactively to defendant's collateral challenge of his sentence.[2]

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

---

[2] Given that holding, we need not address whether any error was harmless.

A-2350-23